39  101
28a 540

39  101
42a 572

JACKSON W. BOTKIN *et al.*

*v.*

ALMIRA M. OSBORNE.

1. SCHOOL LAWS *of 1849 and 1855—repealed.* The acts of 1849 and 1855, in relation to schools, are, in terms, repealed by the school law of 1857.

2. TEACHER—*must exhibit certificate of qualification, under act of '857.* A teacher under the proviso in the act of 1857, unless he obtain the requisite certificate of qualification, and exhibits it to the school directors, before his employment, is not entitled to any portion of the school fund.

3. SAME—*effect of act of 1865 in that respect.* The act of February 16, 1865, in relation to schools, contains nothing in conflict with the act of 1857, in respect to the exhibition of a certificate by the teacher.

4. PLEADING—*declaration by a teacher against school directors.* In an action by a teacher against the school directors, under the act of 1857, the declaration must aver that the proper certificate of qualification was exhibited to the board of directors prior to his employment, or the action will fail. The omission to make such an averment, will not be cured by the verdict.

5. SAME—*declaration for money out of a public fund.* When a party seeks to draw money from a public fund, under the provisions of a law controlling its disbursement, he must, by the necessary averments, bring his case within its provisions.

6. PARTIES—*in suit against school directors—mode of description.* Where a suit was instituted against the individual directors of a school-district, but described them as a body politic and corporate, and also gave their corporate name :

*Held*, that such action was not improperly brought. In such case, the individual names are regarded as surplusage.

7. EXECUTION—*what character of writ can be awarded against school directors.* A judgment against school directors can only be enforced in the mode provided by section forty-nine of the act of 1857; and an order by the court for a general execution to issue on such a judgment, is erroneous.

APPEAL from the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The facts in this case are fully stated in the opinion.

Mr. G. B. BURNETT, for the appellants.

Mr. A. W. METCALF, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit commenced in the Circuit Court of Madison county, by Almira Osborne against the appellants, Jackson W. Botkin, Thomas Botkin, and John M. Beams, school directors of district number six, in township three north, range nine west.

The declaration was substantially as follows:

"Almira M. Osborne, plaintiff in this suit, by A. W. Metcalf, her attorney, complains of Jackson W. Botkin, Thomas Botkin and John M. Beams, a body politic and corporate by the name of school directors of district number six, in township number three north of range number nine, west of the third principal meridian, in Madison county, State of Illinois, defendants in this suit, of a plea of trespass on the case on promises.

"For that, whereas, on the first day of April, 1865, at the county of Madison and State of Illinois, James Harvey Osborne and Lewis Maccary, two of the then acting and qualified directors of school-district number six, in township number three north, in range number nine, west of the third principal meridian, in Madison county, State of Illinois, made and entered into an agreement in writing with said plaintiff, as party of the first part, and said directors of the second part, in

and by which said agreement the said plaintiff undertook and agreed with said directors to teach a school in said district, for the period of three weeks and two days, to finish the six months' school of the season then next past; and also by said agreement undertook and agreed to teach a common school for the period of three months. Said common school was to commence the 1st day of July, 1865, provided a school-house could be provided; and the directors on their part, and on behalf of said district, undertook and agreed by said agreement to pay to the said plaintiff, for teaching said school three months, the sum of eighty dollars per month; and the said parties of the second part also undertook and agreed by said agreement to pay, or cause to be paid, unto the plaintiff, at the rate of eighty dollars per month for the time she taught said school, including the three weeks and two days taught to finish the school of the then past winter. And the plaintiff avers that in accordance with agreement aforesaid, she taught the said three weeks and two days, to finish the six months' winter school, beginning the same on the 3d of April, 1865, and ending the same on the 25th of April, 1865, and that in accordance with said agreement she did teach said common school as provided in said agreement, for the period of three months, beginning the same on the 10th day of July, 1865 (the directors not being able to furnish a school-house sooner), and ending the same on the 29th day of September then next ensuing.

"And the said plaintiff avers that, in compliance with the statute in such case made and provided, she kept a schedule of said school, and duly certified the same, and caused it to be presented to said directors, defendants, for their certificate, after the said school was ended, and more than two days previous to the first Monday in October, 1865.

"And said plaintiff further avers that said Jackson W. Botkin, Thomas Botkin and John M. Beams, refused and wholly neglected to certify said schedule so that it could be returned to the township treasurer, and, in consequence of said refusal and neglect, the said plaintiff has wholly failed to receive her said money or any part thereof.

" And plaintiff further avers that, at an election duly and legally held on the first Monday in the month of August, 1865, the said Jackson W. Botkin, Thomas Botkin and John M. Beams, were legally elected directors of said school-district, and as such are now, and since said election, in office, and as such it was their duty, as such directors of said district, to certify said schedule in the manner prescribed by law, so that the said plaintiff could get the said sum of money so due her for said teaching on the first Monday of October, when the same was due and payable."

The breach is in the usual and proper form.

To this declaration the defendants demurred generally. The court overruled the demurrer, and the defendants saying nothing further in bar of the action, by consent, without a jury, the court assessed the damages. They were assessed at three hundred and fifteen dollars and seventy cents, and judgment rendered for the same, together with the costs.

The defendants appeal to this court to reverse this judgment, assigning as errors: First, overruling the defendants' demurrer; second, rendering judgment against them; third, awarding execution against the appellants; fourth, overruling the motion in arrest of judgment.

The objection taken to the declaration by appellants is, that it contains no averment that the plaintiff presented to the directors a certificate of qualification previous to the commencement of the school. They contend that, so far as the liability of the directors or district is concerned, the forty-ninth section of the act of 1855, governs the case. That section is as follows:

" No teacher shall be entitled to any portion of the common school or township fund, or other public fund, or be employed to teach any school under the control of any board of education of any township in this State, who shall not, before his employment, exhibit to said board, or to a committee of said board, a certificate of qualification obtained under the provisions of this act," etc. Laws of 1855, p. 68.

They further insist that this section is the same in substance as section seventy-five of the act of 1849, under which act it has been held by this court, in the case of *Casey* v. *Baldridge et al.*, 15 Ill. 65, that this requirement of the statute is a condition precedent, and its performance should be distinctly alleged in the declaration, and in the case of *Smith* v. *Curry et al.*, 16 id. 148, that the declaration must contain an averment that such certificate was presented before the commencement of the school, or the action will fail.

Section seventy-five of the act of 1849, differs somewhat from section forty-nine of the act of 1855. It is as follows:

"No teacher shall be entitled to any portion of the common school or township fund, who shall not, before his employment, exhibit to the school directors of the district in which he proposes to teach a school, a certificate of qualification obtained under the provisions of section thirteen or forty-six thereof; which certificate shall be good and valid for one year from the date thereof." Laws of 1849, p. 174.

It is, however, insisted by appellee, that this action is not brought under the act of 1849 or 1855, but under the act of 1857, the provisions of which, under the cases cited, are inapplicable. The section relied on by appellee is the fifty-second.

That section declares that no teacher shall be entitled to any portion of the common school or township fund, or other public fund, *or be employed* to teach any school under the control of any board of directors of any school-district in this State, who shall not, before his employment, exhibit to said board, or to a committee of said board, a certificate of qualification, obtained under the provisions of this act; nor shall any teacher be paid any portion of the school or public fund aforesaid, unless he shall have kept and furnished schedules as herein directed; *Provided,* if the directors of a district shall certify that they are unable to procure a teacher competent to teach the branches required by this act, the commissioner shall issue a certificate of qualification to teach such branches as said directors may

specify, which certificate shall be valid only in said district and for one year. Scates' Comp. 449.

This act, in terms, repealed the act of 1849 and of 1855, and must govern this case, unless it has, also, been changed by some subsequent act. The appellants contend that the case is not governed by the act of 1857, but by the act passed February 16, 1865, the services having been rendered after that date. In support of this position counsel for appellants have referred to section fifty-two of this act, at page 23 of the Laws of that session. There is no such act on that page. The school law passed in that year is found at page 112, and is entitled "An act to amend the school law," but it has only twenty-nine sections, and no one of them relates to this question. There is nothing in that act in conflict with the provisions of the act of 1857, in respect to the exhibition of a certificate by the teacher, and we must hold this case is to be controlled by the last mentioned act.

So holding, we are at a loss to perceive the essential difference contended for by the counsel for the appellee. He says, by the act of 1849, the whole duty of furnishing the certificate was upon the teacher, but, by the law of 1857, it is made the duty of the directors to require it, "and they are absolutely inhibited from making any contract with a teacher unless the same is previously done." We do not see it in this light. By the act of 1849 the teacher was required to exhibit the certificate of qualification before his employment, and failing to do so he was deprived of any participation in the school fund. The act of 1857 declares that he shall not be employed to teach any school if he shall not, before his employment, exhibit to the board of directors the required certificate. The directors are as much "inhibited" in the one case as in the other. Now, as to the effect of the proviso, in the act of 1857, that requires two certificates; one by the directors that they were unable to procure a teacher competent to teach the branches required by the school law, on presenting which to the school commissioner, he is required to issue a certificate of qualification to teach such branches as the directors may specify.

The exhibition of this certificate by the teacher, it would seem to us, is as much a condition precedent as the certificate required by the act of 1849, and, without it, the teacher could have no claim on the school fund. We can see no difference.

If the appellee claimed the benefit of this provision, then her case should have been brought within it, by proper averments in the declaration. There is an absence of such averments, and under authority of the cases cited, the demurrer to the declaration should have been sustained. The omission to make such averments is not cured by verdict. *Smith* v. *Curry et al.*, 16 Ill. 148.

As the appellee is seeking to draw money from a public fund, under the provisions of the school law, she must, by the necessary averments, bring her case within its provisions. The remedy of the plaintiff would seem to be against those who employed her.

Upon the point that the suit is improperly brought against the individual directors, it will be observed, the defendants are described as a body politic and corporate by the name of " school directors of district number six, in township number three north of range nine, west of the third principal meridian in Madison county, State of Illinois."

On the authority of *Shoudy* v. *School Directors*, 32 Ill. 290, the individual names of the directors were but surplusage, the corporate name remaining. By section forty-eight, of the act of 1857, the board of directors in each school-district are declared to be a body politic and corporate by the name of " school directors of district No.   , township   , range   , county of   , State of Illinois," and by that name may sue and be sued, plead and be impleaded, etc. Scates' Comp. 447. And this is not changed by the act of 1865. Sess. Laws of 1865, p. 119, § 18.   On this point, see *Manlove* v. *McHatton*, 4 Scam. 95 ; *Patrick* v. *Rucker*, 19 Ill. 429.

Upon the remaining point, awarding execution against the appellants, this was also error.

By section forty-nine, of the act of 1857, which is not amended by the act of 1865, it is provided, " if judgment shall

be obtained against any township board of trustees or school directors, the party entitled to the benefit of such judgment may have execution therefor, as follows : It shall be lawful for the court in which such judgment shall be obtained, or to which such judgment shall be removed by transcript or appeal from a justice of the peace, or other court, to issue thence a writ, commanding the directors, etc., of such township to cause the amount thereof, with interest and costs, to be paid to the party entitled to the benefit of said judgment, out of any moneys unappropriated of said township, or, if there be no such moneys, out of the first moneys applicable to the payment of the kind of services or indebtedness for which such judgment shall be obtained, which shall be received for the use of such township, and to enforce obedience to such writ, by attachment or *mandamus*, requiring such board to levy a tax for the payment of said judgment, etc.　Scates' Comp. 448.

This is the only mode provided by law for enforcing judgments in such cases.　The order for a general execution was, therefore, erroneous.　For the reasons given, the judgment must be reversed, and the cause remanded.

*Judgment reversed.*