CHARLES S. NEWELL

*v.*

SCHOOL DIRECTORS OF DIST. No. 1, T. 30 N., R. 3 E.

SAME *v.* SAME.

SAME *v.* SAME.

1. SCHOOL ORDERS—*negotiability of.* School orders drawn by school directors on the township treasurer, being payable to an individual or bearer, may pass by indorsement so as to vest title in the assignee, and authorize him to institute suit in his own name.

2. SAME—*assignee takes subject to defenses.* But there is a marked difference between the rights of an assignee of a school order and an assignee of a promissory note or bill of exchange. The directors having no power to issue orders payable at a future day, and the law requiring it to

be stated in the order the purpose for which, and on what account it is drawn, it carries notice to every person becoming its holder of its validity, and he must at his peril ascertain what defenses can be interposed against its collection. The assignee stands in no better position than the payee.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES H. WOOD, Judge, presiding.

Mr. L. G. PEARRE, and Messrs. PILLSBURY & LAWRENCE, for the appellant.

Messrs. CHUBBUCK & BROWER, and Mr. A. E. HARDING, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

These cases were tried in the court below, without the intervention of a jury, upon the following stipulation of facts:

" The parties in the above entitled suits stipulate that the following are the facts in those cases, and that the court consider the same without argument, and decide the same in all the cases above stated:

*First.* That the defendants gave their order on the school treasurer for the amount therein contained, for which the payee of said order was to furnish the articles enumerated in said order, to the directors of said school districts, in a short time; but failed to furnish said articles therein enumerated, and never has furnished any part of said articles.

*Second.* It is agreed that said articles enumerated in said order were such articles as said school directors were authorized by law to purchase.

*Third.* That the plaintiff in these cases made a proper demand to the treasurer of said school fund for the payment of said orders after they became due, and that the treasurer informed him that he had been notified not to pay the same, by the directors, and thus refused to pay the same.

*Fourth.* That there were sufficient funds in said treasury belonging to said district to pay the amount of said orders.

*Fifth.* Said orders were endorsed and delivered to plaintiff before they came due, and for a valuable consideration."

The court rendered judgment for the defendants, and the plaintiff brings the case here by appeal, and assigns for error that the court should have rendered judgment for the plaintiff, and not for the defendants.

It is argued that the orders issued by the defendants are negotiable, like promissory notes and bills of exchange, and when properly indorsed and transferred in good faith and for a valuable consideration, by the payee, to an innocent holder before maturity, title will vest in him, and that no other defenses can be interposed to a suit instituted by him to recover the amount due upon the orders, than can be interposed to a suit by the assignee in good faith and before maturity of a promissory note or bill of exchange.

As the orders are payable to the individual to whom they are issued, or bearer, and no harm is apparent which can result from their circulation, we are inclined to hold that they may pass by indorsement, so as to vest title in the assignee, and authorize him to institute suit thereon in his own name; but we think there is à marked and wide difference between the rights of the assignee of such orders, and the rights of the assignee of a promissory note or bill of exchange, before maturity.

In *Glidden et al.* v. *Hopkins, use of etc.* 47 Ill. 529, it was said: "The board of school directors, though a corporation, are possessed of certain specifically defined powers, and can exercise no others except such as result, by fair implication, from the powers granted. As a corporation they are but the agents of the tax-payers and inhabitants of the district in which they are organized. Every official act performed by them is for their constituents, these inhabitants and tax-payers, and for doing the act they must show, when ques-

tioned, their authority." In that case it was held that an order drawn by the directors upon the school fund, which did not show upon its face for what purpose it was drawn, was void.

The 42d section of the consolidated act relating to schools, in force July 1, 1872, declares the purposes for which directors may levy a tax, one of which is to procure fuel, libraries and apparatus, and it provides by the last clause that " they may also appropriate to the purchase of libraries and apparatus any surplus funds after all necessary school expenses are paid."

The 67th section of the same act provides, that "school funds collected from special taxes, levied by order of school directors, or from the sale of property belonging to any district, shall be paid out on the order of the proper board of directors, and all other moneys and school funds, liable to distribution, paid into the township treasury, shall, after said funds have been apportioned by the township trustees, as required by section 34 of this act, be paid out only on the order of the proper board of directors, signed by the president and clerk of said board, or by a majority of such board. For all payments made, receipts shall be taken and filed. In all such orders shall be stated the purpose for which, or on what account drawn."

These are the only provisions of the statute that we have been able to find, bearing upon the question before us, and from them it is manifest that neither is the power directly given, nor does it result by necessary implication, to directors to create a debt, chargeable upon the district, for apparatus, and issue orders on the treasurer, payable at a future day, therefor. It would be a most dangerous power to the interests of the tax-payers, and, in corrupt or incompetent hands, would be liable to great abuse, for, if the debt may be thus created, we perceive no limitation upon the amount, or the rate of interest it might be required to bear. The whole

policy of the school law is repugnant to the existence of the power.

The purpose which the legislature had in view in requiring it to be stated in the order the purpose for which, or on what account it is drawn, was, obviously, to place it beyond the power of the directors to embezzle the school fund, or to appropriate it to unauthorized purposes. The order is thus made to carry notice to every person who shall become its holder, of its validity. He is notified of the authority by which, as well as on what account it assumes to be issued, and he must, at his peril, ascertain what defenses can be interposed against its collection. In this it is entirely different from a promissory note or bill of exchange.

The defense to the orders in evidence was complete, and the assignee stands in no better position with regard to them than the payee would had he been a party to the suit.

The judgment is affirmed.

*Judgment affirmed.*