## WILLIAM D. WELLS

*v.*

## THE PEOPLE *ex rel.* Henry Daniels.

1. SCHOOL DIRECTORS—*of their powers.* The board of school directors, though a corporation, are possessed of certain specially defined powers, and can exercise no others, except such as result, by fair implication, from the powers granted.

2. SAME—*employing teachers — certificate required.* They are expressly empowered to appoint teachers, and fix the amount of their salaries, but they can not employ a teacher who has not, at the time of such employment, a certificate of qualification as provided for by the School Law, and any contract made with a teacher not having such certificate, is void, and is not susceptible of subsequent ratification.

3. Where the school directors employed a teacher, who did not have the necessary certificate, to teach a school for six months, and, after having taught three months, he obtained the certificate, and the directors then made a new contract with him, whereby he was to teach three months, at a salary of twice the amount per month he was to receive under the first contract, it was *held,* that the first contract was void, and that the new contract was an attempt to do indirectly what the directors had no power to do directly, and that, as to the increased amount of salary, the second contract was void.

4. It is competent for school directors to agree to pay teachers what, in their opinion, their services are reasonably worth, but it is not competent for them to go beyond that, and include in such compensation an additional sum to compensate for something else for which the law does not allow compensation from the school fund.

APPEAL from the Circuit Court of Greene county; the Hon. CYRUS EPLER, Judge, presiding.

This was a proceeding by *mandamus* in the court below, where a peremptory writ was awarded, and the respondent appealed.

Messrs. HODGES & BURR, for the appellant.

Messrs. WOODSON & WITHERS, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The relator entered into a contract with the directors of a certain school district to teach a common school in their district, for the term of six months. at $45 per month. When the contract was made, he had no certificate of qualification as required by law, but obtained one when he had taught about three months of the term. He then learned that he could not lawfully receive his compensation, under his contract, from the school fund, in consequence of not having had the necessary certificate when the contract was made. He thereupon applied to the directors, and they and he, by mutual consent, canceled the former contract, and made a new one, whereby he was to teach a common school, for three months from that time, at $90 per month. His testimony is, that he was unwilling to teach longer at the price first agreed upon, and lose for the time that he had already taught; that he had an opportunity of doing better at other business; that he so informed the directors, and they then agreed to pay him $90 per month to teach three months longer.

It is clear, from the evidence, and not denied in the argument of counsel, that the real purpose in contracting to pay the relator $90 for services which had been before contracted for at $45, was to carry out, indirectly, the original contract. The relator taught the three months stipulated for by the last contract, kept the necessary schedules, which were properly certified by the directors, and filed as required by law. He received, also, orders from the directors upon the respondent, as township treasurer, for his pay, which we will assume were properly presented, and payment thereof demanded from the respondent. The respondent refused to

make payment, on the ground of the illegality of the orders. An alternative writ was waived, and, on hearing, the court below awarded a peremptory writ. From this the respondent appealed, and now asks a reversal of that order.

"The board of school directors, though a corporation, are possessed of certain specially defined powers. and can exercise no others, except such as result, by fair implication, from the powers granted." *Glidden et al.* v. *Hopkins, use, etc.* 47 Ill. 529.

They are expressly empowered, by the 48th section of the act entitled "An act to establish and maintain common schools," in force July 1, 1872, to "appoint teachers, and fix the amount of their salaries," but this is qualified by the language of the 52d section of the same act, which provides that "no teacher shall be entitled to any portion of the common school, or township, or other public fund, or be employed to teach any school under the control of any board of directors of any school district in this State, who shall not, at the time of his employment, have a certificate of qualification, obtained under the provisions of this act."

It is, therefore, clear that the first contract, in so far as it was thereby sought to bind the school district, was absolutely void. The directors not only had no power, but they were directly prohibited to make it, and, being void, it was not susceptible of subsequent ratification.

It is true that the invalidity of the first contract does not establish, of itself, the invalidity of the second. If that contract had been made in good faith for what was deemed by the parties to it a fair and reasonable compensation for the services to be rendered, the relator's right would be clear; but directors have no authority to incur charges, payable out of the school fund, except in the cases prescribed by law. It would never do to say that what they may not do directly, they may, however, do indirectly. Were this to be tolerated, then every guaranty thrown around the school fund for its preservation and devotion to the objects for which it is cre-

ated, might, by artifice and circumvention, be nullified and disregarded.   The principle asserted by the relator amounts to just this: to pay a teacher for services for which, under the law, he is entitled to no compensation, a contract is made with him to render services for which he is entitled to compensation, and to pay him therefor, first, what it is agreed those services are reasonably worth, and, secondly, an additional sum equal to the amount which the services he has rendered, and for which, under the law, he is entitled to no compensation, are supposed to have been worth.   If this may be done in the present instance, to what other possible cases may the principle not be extended ?   Under the nominal pretext of paying teachers' salaries, or for fuel, furniture, etc., by combination of the directors with the teacher or contractor, a door to corruption would be opened which might lead to disastrous consequences.

There is in the case at bar, it is true, a seeming moral equity in favor of the relator.  He has rendered three months' services for which he has not been paid.  He doubtless acted in good faith.   Yet the law charges him with the knowledge that he was not authorized to make a contract with the directors to teach, and that he could not teach, unless he had a certificate of qualification at the time.  The legislature, in its wisdom, has deemed it necessary to prescribe those precedent conditions to the appropriation of the school fund to the payment of teachers.  The directors are not at liberty to disregard them.   They have no authority to appropriate the fund under their control for the purpose of discharging what they believe to be moral obligations, but which were incurred in violation of law.  They have a discretion which can not be controlled with reference to certain specified duties defined by law, so long as it is honestly and fairly exercised within its proper limits, but they have no authority to go beyond these limits, whatever may be the motive or the means by which they seek to do so.

The last contract, to teach for three months, was unquestionabły within the scope of the directors' authority, and for this, it was likewise competent for them to agree to pay what, in their opinion, it was reasonably worth, but it was not competent for them to go beyond that, and include in such compensation an additional sum to compensate for something else. The estimated value of the services of the relator at $45 per month, we have no doubt, was reasonable and just, but the additional $45 per month, although nominally for services to be rendered, was, in fact, for services already rendered, for which the law allows no compensation from the school fund, and, to that extent, the contract was void.

For the reasons indicated, we think the court below erred, and its judgment must therefore be reversed and the cause remanded.

*Judgment reversed.*