## J. W. PEERS

*v.*

## THE BOARD OF EDUCATION OF SCHOOL DISTRICT No. 3, ETC., MADISON COUNTY.

1. SCHOOL DIRECTORS—*powers limited to those specially defined by statute.* A board of school directors, though a corporation, are possessed of

certain specially defined powers, and can exercise no others, except such as result by fair implication from the powers granted.

2. SAME—*have no power to make acceptances.* A board of school directors have no power to make acceptances of orders or bills of exchange, so as to bind the school district and create a right of action thereon against them

3. ACTION—*will only lie against the party contracting.* Where a party contracts to build a house for another, and to furnish the materials therefor, an action will lie in favor of the seller of the materials to the contractor, against the latter alone, not against him for whom the house is built.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. W. F. L. HADLEY, for the appellant.

Mr. A. W. METCALF, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action by appellant against appellee, upon an alleged acceptance of the following written order:

"No. 624.          ST. LOUIS, 18*th of Jan.* 1873.

Board of Directors School District No. 3, range No. 8, township No. 14, Collinsville, Ill., pay to the order of J. W. Peers $267.88, on account of Wm. H. Phillips & Bro.'s contract for building school house.

$267.88.          C. B. CLARK,
                         *Architect and Supt.*"

The cause below was tried by the court without a jury, and judgment rendered for the defendant, and the plaintiff brings the case here by appeal.

The questions made are, whether a board of directors of a school district can bind the district by the acceptance of an order or bill of exchange, and if so, whether the facts in this case show an acceptance.

It appears, from the evidence, that, on the 20th of March, 1871, a written contract was entered into between appellee and Wm. H. Phillips & Brother, for the erection by the latter of a school house in the school district, for the sum of $23.512, to be paid, 80 per cent as the work progressed, and the remainder

on its completion; the building to be completed on or before August 1, 1872, and for each day after that date, until it should be completed, Phillips & Brother were to pay the sum of $25. The house was to be built under the control and supervision of C. B. Clark, who was, by the contract, appointed architect and superintendent.

Section 67 of the School Act, Laws 1871-2, p. 733, provides, that school funds shall be paid out by the township treasurer, on the order of the proper board of directors, and that in every such order shall be stated the purpose for which, and on what account drawn.

In *Glidden et al.* v. *Hopkins*, 47 Ill. 526, this court held that such an order, where it did not express on its face the purpose for which it was drawn, was void, as being without authority.

In *Newell* v. *School Directors*, 68 Ill. 514, we held that a board of school directors had no authority to issue such an order payable at a future day, so as to cut off a defense against the order in the hands of a *bona fide* assignee for value before maturity.

In the former case it was said, the board of school directors, though a corporation, are possessed of certain specially defined powers, and can exercise no others, except such as result, by fair implication, from the powers granted. The statute certainly gives no such power to the board of school directors as to make acceptances of orders or bills of exchange. They had power to contract for the erection of, and provide for the payment for, this school house, but in order to the exercise of this power, it was not necessary that they should accept orders. Their mode of making provision for the payment of the work was prescribed by the statute, viz: to issue their own orders therefor on the township treasurer, not to assume obligations in respect thereof to third persons.

The acceptance of such orders is liable to create a conflict of interests and rights between third persons as to the money called for by the orders; to expose the directors to the risk of a double liability therefor, and thus endanger the school fund,

and expose it to the hazard of the costs of litigation.  There is
danger, too, in such case, of being subjected to a liability as
for a verbal acceptance, where none was intended.   There was
here no written acceptance of the order.   Three previous sim-
ilar orders in favor of appellant, appellee had arranged in the
lawful mode, by giving its own orders on the township treas-
urer for the money.   The one in question, the directors refused
to thus settle, telling appellant that they had decided not to
"pass any more" orders until the building was completed;
and yet, inasmuch as the order was retained in the directors'
hands, and they represented that there would be funds enough
to "pay everything up," and appellant relied upon their pay-
ing the order, appellee is sought to be made liable as upon
a verbal acceptance, when, upon completion of the building,
from the insufficient performance of the contract, or delay in
the time of its completion, none of the money represented by
the order might be due and owing by appellee under the con-
tract.

The accepting of orders respects alone the convenience and
accommodation of third persons; it furthers no purpose of the
school law, and subserves no interest of the school fund.   The
powers of school directors are very limited, and are specially
defined.   The path marked out by the statute is clear and safe.
By following it, school directors will best protect the interest
of the school fund.

We are of opinion that the school directors had no authority
to bind the school district by the acceptance of the order in
question, so as to create a right of action thereon in favor of
appellant; and if otherwise, we should be inclined to hold that
the court was warranted in finding, from the evidence, that
there had been no acceptance of the order.

But it is insisted that, if there be no liability on the order,
there would be one under the common counts which are con-
tained in the declaration, as the school district received the
benefit of the lumber for which the order was given.

In order to establish such a liability, the lumber should have
been sold to the directors.   But it was sold to Phillips & Bro.

for the school house, and not to the directors. They never ordered or contracted with appellant for the lumber, and Phillips & Bro. alone are liable for it. If it went into the school house, it was as the lumber of Phillips and Bro., and the board of directors would be bound to pay them for it, but not appellant.

The judgment will be affirmed.

*Judgment affirmed.*