# HUGH C. ADAMS *et al.*

## *v.*

## THE STATE OF ILLINOIS, for use, etc.

1. SCHOOL DIRECTORS—*liability for exceeding their powers.* The duties of school directors are derived exclusively from the statute, and are specifically defined, and if they exercise powers and functions not conferred upon them, the statute makes them responsible for all losses that may ensue.

2. SAME—*liability for money borrowed.* School directors may borrow money for certain enumerated purposes, on terms prescribed by the statute, and when obtained, it is their duty to pay it to their treasurer, who is the only proper custodian. Should they place it in the hands of any one else, it is at their own risk.

3. SAME—*power to issue and sell bonds.* No authority is given school directors to issue bonds and place them upon the market for what they may

bring, or for anything less than their par value. If they do, they are liable, under section 77 of the School Law, for any loss the school fund may sustain.

APPEAL from the Circuit Court of Washington county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. HAY & ROUNTREE, for the appellants.

Mr. P. E. HOSMER, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Under the 47th section of the School Law, R. S. 1874, p. 962, school directors, when authorized by a vote of the people of the district, have power to borrow money for certain enumerated purposes, and issue bonds to secure the same, in sums of not less than $100, bearing interest at a rate not exceeding ten per cent per annum; nor shall the sum borrowed in any one year exceed five per cent of the taxable property of the district, including previous indebtedness, to be ascertained by the last assessment for State and county taxes previous to incurring such indebtedness. This is all the authority given directors in the matter of borrowing money, and it would appear to be a limitation upon their action in issuing bonds, to sums of money actually received. No authority is given to issue bonds and place them upon the market to be sold for what they might bring, or for anything less than their par value. Without an enabling statute, it is apprehended they can not thus issue and sell bonds, and should the directors make such disposition of them, they would clearly be liable, under the 77th section of the statute, for any loss the fund of the district might sustain.

The duties of school directors are derived exclusively from the statute, are specifically defined, and if they exercise powers and functions not conferred upon them, the statute has made them responsible for all losses that may ensue. They may borrow money for enumerated purposes, on terms prescribed, and when obtained, it is their duty to pay it over to

the treasurer, who is the only proper custodian. Should they place it in the hands of any one else, it is at their own risk.

Under this view of the law, the pleas constituted no defense to the action. The demurrer was therefore properly sustained, and the judgment will be affirmed.

*Judgment affirmed.*