## David A. Watts
v.
## Lafayette McLean.

*Mandamus—Judgment against School District—Authority of Treasurer
—Secs. 49 and 67, Chap. 122, R. S.—Amendment—Demurrer.*

1. School officers possess only such powers as are directly granted by statute, or result by fair implication from those so granted.

2. In the absence of an order by the directors or a court of competent jurisdiction for the payment of school funds, the treasurer of a district can not be required by *mandamus* to pay a judgment against such district from funds collected under a special levy for that purpose.

3. A copy of a special levy by school directors, merely certified by the clerk of the trial court, is no part of the record.

4. Where a demurrer to a petition for a *mandamus* is overruled and judgment rendered for the petitioner, this court can consider the petition only in the light of its averments.

[Opinion filed May 25, 1888.]

In error to the Circuit Court of Clark County; the Hon. J. W. Wilkin, Judge, presiding.

Messrs. Bell & Green, for plaintiff in error.

Sec. 49, Chap. 122, R. S., provides the only means for the collection of a judgment against a board of school directors, and it has been frequently passed upon by the courts of this State.

In Botkin v. Osborne, 39 Ill. 101, the Supreme Court, after quoting Sec. 49, say: "This is the only mode provided by law for enforcing judgments in such cases."

In Thomas v. Urbana School District, 71 Ill. 283, the court again quotes Sec. 49, and say: "By the enactment of this section the Legislature provided the mode by which a party having a claim against a board of directors could enforce its collection. If the plaintiff has a claim against the Board of Education, he must proceed according to this statute."

In Board of Education v. Neidenberger, 78 Ill. 58, the court again refers to Sec. 49, and say: "Here is a sure and complete remedy given for the enforcement of all just claims against such bodies. The party has but to obtain his judgment, and, if there be money in the treasury, to obtain an order on the treasurer for its payment, and if there is no money applicable to its payment, then to obtain a writ of *mandamus* to compel the levy and collection of a tax for its payment." See also Watson et al. v. Abry, 9 Ill. App. 280.

The law prohibited the payment of the money by Watts, without an order drawn by the school directors, as required by Sec. 67, and there is no averment in the petition that any such order was presented to Watts, when demand of payment was made. The evident purpose of joining the school directors with the treasurer in the mandatory writ provided for in Sec. 49, is that they may draw the order provided for in Sec. 67. Without such order no money can be legally drawn out of the treasury.

Mr. E. CALLAHAN, for defendant in error.

WALL, J. This was a petition for *mandamus* by the plaintiff in error against the defendant in error, brought in the Circuit Court of Lawrence county to the February term, 1887, at which term the venue was changed to the Circuit Court of Clark county.

The cause having been transferred to the latter county, it came on to be heard at the April term, 1887, upon a demurrer to the petition. The demurrer was filed in the Circuit Court of Lawrence county, before the venue was changed; but it would seem, as is stated in the abstract, that the defendant did not appear in Clark county, and that the demurrer was not argued on his behalf. The demurrer was overruled and judgment was rendered according to the petition with costs.

The only question now arising is whether the petition contains such allegations as to warrant the relief therein sought. It alleges that at the ——— term A. D. 18—, the petitioner recovered a judgment in the Circuit Court of Lawrence county,

for $179.78 and costs of suit, against the school directors of District Number one, Township Number five, North, etc., in said county, which is wholly unsatisfied. That said defendants (the school directors), afterward levied a tax on the taxable property in their district, for the express purpose of paying said judgment; that the tax so levied was extended, etc., and that of the tax so levied the sum of $131 was collected and was paid over to the defendant in the petition (plaintiff in error), as treasurer of said township, prior to January 1, 1887; that after the said sum so collected was paid over to said defendant treasurer, the petitioner demanded of him that he pay the same to him in part payment of said judgment, but that said defendant, so being such treasurer, refused to pay the same over to petitioner, wherefore petitioner prayed that by writ of *mandamus* the said defendant might be peremptorily required to pay to petitioner the said sum of $131 in part payment of said judgment.

It is provided by Sec. 49, Chap. 122, that "If judgment shall be obtained against any township, board of trustees, or school directors, the party entitled to the benefit of such judgment may have execution therefor as follows, to wit: It shall be lawful for the court in which such judgment shall be obtained, or to which such judgment shall be removed by transcript or appeal from a justice of the peace, or other court, to issue thence a writ commanding the directors, trustees and treasurer of such township to cause the amount thereof, with interest and costs, to be paid to the party entitled to the benefit of said judgment, out of any moneys unappropriated of said township or district, or if there be no such moneys, out of the first moneys applicable to the payment of the kind of services or indebtedness for which such judgment shall be obtained, which shall be received for the use of such township or district, and to enforce obedience to such writ by attachment, or by *mandamus*, requiring such board to levy a tax for the payment of said judgment, and all legal process, as well as writs to enforce payments of a judgment, shall be served either on the president or clerk of the board."

The Supreme Court have repeatedly held that this is the only mode of enforcing a judgment against a school district.

Botkin v. Osborne, 39 Ill. 101; Thomas v. Urbana School District, 71 Ill. 283; Board of Ed. v. Neidenberger, 78 Ill. 58.

By Sec. 67 of the same act, it is provided that funds in the hands of the treasurer shall be paid out on the order of the directors of the district. The Supreme Court, in passing upon the powers of school officers, have said that they possess only the authority granted by statute and such as may result by fair implication from what is granted, and have shown a clear purpose in defining these powers to construe them strictly. This is in accord with the plain policy of the statute and is essential to the protection of the school fund. Glidden v. Hopkins, 47 Ill. 526; Newell v. School Directors, 68 Ill. 514; Peers v. Board of Education, 72 Ill. 508.

The treasurer is not authorized to pay out the money in his hands until an order drawn as required by the statute is presented, or until a court of competent jurisdiction shall have made an order for that purpose, in pursuance of Sec. 49 above quoted. Hence, in this case, unless one of these things had been done, this treasurer was justified in declining to pay upon the demand made by the judgment creditor, and of course, if it was not his duty to comply with that demand he can not be subjected to the cost and vexation of a proceeding by *mandamus*.

It is not averred in this petition that a mandatory order had been obtained upon this judgment. It is merely averred that there was a judgment and that a special tax had been levied to pay it, the proceeds of which levy were in the hands of the treasurer; but there is no averment that an order had been issued by the directors upon the treasurer. The treasurer had no power or authority to pay the money upon the judgment merely because he may have supposed or known that it was collected for that purpose, and he was clearly right in refusing to pay it without an order. He may insist upon a proper voucher when he pays.

Counsel for defendant in error seem to concede all this by their agreement, in which they insist that the mandatory order under Sec. 49 had been issued, and that the tax had been

levied in obedience thereto, and they have caused the clerk to certify to a copy of the levy made by the directors, being one of the files of the case, which would seem to indicate that there had been such an order. The paper thus certified is not made a part of the record by bill of exceptions or otherwise and is not properly before us.

It is urged that, as appears by the record, the court heard evidence after overruling the demurrer, and it must be presumed there was ample support in the proof thus presented for the judgment that followed. Of course we can consider the petition in the light of its averments only, and it can not be aided by any presumptions of the sort suggested.

It is not presumable that the case was any better than as stated by the pleader, or that any evidence was offered or in existence not within the substantial averments of the pleading. It is suggested by plaintiff in error that the date of the judgment may be very important; that the blanks in the petition should be filled so that it may appear whether the judgment is or is not barred by lapse of time. We think there should be an amendment in this respect, though this would not make the petition good if there had been no mandatory order as required by Sec. 49.

For the reasons indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*