## ABEL H. STANHOPE
### v.
## SCHOOL DIRECTORS.

*Schools — Contract to Teach—Breach by Directors — Damages — Estoppel.*

1. Sec. 5, Art. 7, of the act in force July 1, 1889, concerning the employment of teachers, requires the possession by the teacher at the time of

Stanhope v. School Directors.

his employment of a legal certificate of qualification entitling him to teach during the entire term of his contract as a condition precedent to his right to receive any portion of the public money for his services, and the facts necessary to constitute a compliance with the statute in this respect must be distinctly and affirmatively alleged in the declaration in an action to recover for the services, or to recover damages from the school district for a breach of a contract to teach. It is not enough to allege generally that the teacher is " legally " or " lawfully " qualified.

2. School directors can only exercise such powers as may be given them by law, and such as result from fair implication from such powers, and if they exceed them, especially if they do an act expressly prohibited by law, their action is void and can not be made valid even by ratification, much less by estoppel.

[Opinion filed December 3, 1891.]

APPEAL from the County Court of Jersey County; the Hon. A. M. SLATEN, Judge, presiding.

Mr. THOMAS F. FERNS, for appellant.

Messrs. HAMILTON & LEACH, for appellees.

BOGGS, J. This was an action of assumpsit brought in the Jersey County Court by the appellant to recover damages which he claimed he had sustained by reason of the refusal of the appellees as school directors to comply with a written contract employing him to teach the public school in their district.

To this declaration the County Court sustained a demurrer which presented but one ground of objection to its sufficiency, and that is, that it does not aver that the plaintiff " at the time the alleged written contract was made, had a certificate of qualification, obtained under the provisions of the school laws of the State, entitling him to teach during the entire term of his contract." Appellant elected to stand by his declaration, the cause was dismissed, and he, by appeal, brings the record to this court for review.

The averments of the declaration, so far as they relate to the qualification of the appellant as a teacher, are as follows :

" For that, whereas, the plaintiff is now and still is possessed

of a legal certificate for teaching said schools under the laws of this State, that the superintendent of schools of said Jersey County duly issued to plaintiff on September 7, 1889, a teacher's certificate of the second grade, and that the superintendent on, to wit, September 6, 1890, did renew the said certificate for one year by his indorsement thereon in writing, after plaintiff had satisfactorily passed the examination required by the school laws of this State regarding the nature and effects of stimulants and narcotics.

"Plaintiff further avers that he was a duly qualified teacher under the laws of this State, and was duly possessed of a certificate entitling him to teach during the entire term of his employment, commencing from the beginning of the school term in said contract, to wit, September 15, 1890, and ending eight (8) months thereafter."

It is provided by Sec. 5, Art. 7, of the act in force July 1, 1889:

"No teacher shall be entitled to any portion of the common school or township fund, or other public fund, or be employed to teach any school under the control of any board of directors of any school district in this State, who shall not, at the time of his employment, have a certificate of qualification, obtained under the provisions of this act, entitling him to teach during the entire term of his contract."

By this section of the statute, the possession by the teacher at the time of his employment of a legal certificate of qualification entitling him to teach during the entire term of his contract, is made a condition precedent to his right to receive any portion of the public money for his services, and the facts necessary to constitute a compliance with the statute in this respect must be distinctly and affirmatively alleged in a declaration to recover for the services of a teacher, or to recover damages from the school district for a breach of a contract to teach. It is not sufficient to allege generally that the teacher is "legally qualified" or "lawfully qualified." Casey v. Baldridge, 15 Ill. 75; Smith v. Curry, 16 Ill. 147; Botkins v. Osborne, 39 Ill. 101.

Therefore the averment last appearing in the declaration,

"that he was a duly qualified teacher under the laws of the State," and other averments in the declaration that he was then " lawfully qualified," and "legally qualified to teach," which we have not quoted, can in nowise be considered in the examination of this question.

The facts shown by the declaration are, that when the contract was made (April 25, 1890) appellant had a legal certificate of the second grade, dated September 7, 1889, which was valid for one year, that is, until September 7, 1890, and that while having such a certificate, he, on the 25th of April, 1889, contracted with the appellees to teach a school for a period of eight months, to begin on the 15th day of September, 1890. The certificate which he had when he made the contract did not "entitle him to teach during the entire term of his contract," on the contrary it entitled him to teach only until the 7th day of September, 1890, and his contract was that he would begin on the 15th day of September, 1890, to teach a term of eight months. His certificate of qualification expired eight days before the " term of his contract " to teach began, and under and by virtue of it he could not teach any portion of the time of his term, much less the "entire term of his contract."

It is, however, contended that the term " time of his employment," used in the section of the statute under consideration, means the " time when, under the contract, he is to be first employed in actually teaching the pupils, and that if a teacher then has a certificate of qualification entitling him to teach the " entire term," the statute has been complied with. The appellant, according to the allegations of the declaration, on the 6th day of September, 1890, obtained from the school superintendent a renewal of his certificate good for one year, so that on the 15th day of September, 1890, which was the day when, under the alleged contract, he was first to be actually employed in teaching the school, he held a legal certificate of qualification which entitled him to teach for the whole period of eight months, according to the contract, and if the statute is to have the construction his counsel insist should be given to it, the ruling of the County Court sustaining the demurrer to the declaration is erroneous.

In support of this view it is said that the word "employ-ment" means and is defined by Webster to mean, "the state of being employed; that which engages or occupies; that which consumes time or attention," etc.

It is also said that our Supreme Court has recognized and adopted this definition and meaning of the word in more than one instance, and we are cited Casey v. Baldridge, 15 Ill. 75, where it is said, "the certificate must be presented to the directors before the commencement of the school," and to Smith v. Curry, 16 Ill. 147, where a declaration by a teacher against school directors was held to be defective because it did not contain an averment "that a certificate of qualification was presented to the directors before the commencement of the school," and to Botkins v. Osborne, 39 Ill. 101, in which counsel for appellant argue the holding is, in effect, the same.

In order to obtain a correct understanding of the holding in each of these cases it will be necessary to consider them with reference to the statutes then in force.

The statute of 1849 governed the determination of the question when the cases of Casey v. Baldridge and Smith v. Curry were decided; it is as follows:

"No teacher shall be entitled to any portion of the common school or township fund who shall not, before his employment, exhibit to the school directors a certificate of qualification, etc., and valid for one year."

It is true in each of the cases mentioned it is held that the declaration of the teacher which did not aver "that the cer-tificate of qualification was exhibited to the directors before the commencement of the school," was for that reason defect-ive, and indeed it may be conceded that the views expressed by the court in each of the cases is to the effect that an "exhibition of the certificate before the commencement of the school" would have been a compliance with the statute then existing.

The case of Botkins v. Osborne, *supra*, arose under the act of 1857. This act, so far as it relates to the matter in hand, is as follows:

"No teacher shall be entitled to any portion of the common

school or township funds or other public fund or be employed to teach any school  *  *  *  who shall not, before his employment, exhibit to the board a certificate of qualification, *  *  *  provided that if the directors of a district shall certify that they are unable to obtain a teacher competent,  * *  *  the commissioner shall issue a certificate of qualification to teach such branches as said directors may specify; which certificate shall be valid in that district and only for one year."

The question in that case as in this was as to the sufficiency of the declaration.

It was contended by counsel for the teacher, that if the teacher was acting under the limited certificate, authorized by the proviso to the act in question, that he was not bound to exhibit the certificate; but the court held to the contrary, and further, that the declaration was defective in not averring such exhibitions and all other facts necessary as conditions precedent to bring the plaintiff's case within the terms of the proviso, and in support of this, as a rule of pleading only, the case of Smith v. Curry, 16 Ill. 140, is cited.

While the act of 1849 as construed in Casey v. Baldridge and Smith v. Curry, provided that a teacher might be entitled to compensation out of the public school fund, if he possessed at the commencement of the school a certificate entitling him to teach, it must be observed that the act was amended and changed by the act of 1857, so that it was provided and declared that no teacher should be employed to teach any school in any district in the State, unless he should, at the time of his employment, exhibit his certificate. The effect of this change was to make it unlawful for directors to employ, *i. e.*, hire or contract with any one to teach a public school unless such person had at the time of such employment, *i. e.*, hiring, contracting, the requisite certificate.

This was the state of the law when the case of Botkins v. Osborne was decided, and it will not be found that the opinion of Mr. Justice Breese in that case holds, in effect, that an exhibition of the certificate before the commencement of school is sufficient. That precise point was not then before the court,

but it is there said (see page 106), the act of 1857 declares "he shall not be employed to teach any school if before his employment he does not exhibit to the board of directors the required certificate."

Manifestly, had it been necessary to do so, the court would have held that it was unlawful to contract with a teacher unless he had then the required certificate.

The act of 1889, under which the rights of the parties in the case at bar must be ascertained, declares, as did the act of 1857, that no teacher shall be employed to teach any school under the control of any board of directors unless he shall have, at the time of his employment to teach, a certificate obtained under the provisions of the school law which entitles him to teach during the entire time of his contract.

It is true, as suggested by counsel, that in Stevenson v. School Directors, 87 Ill. 255, a case governed by our present statute, it is said that "it does not appear that plaintiff in error (the teacher) proved or offered to prove that when the contract was made, or when the school was to have commenced, he had a certificate of qualification;" which appellant takes by inference to indicate that the court regarded a presentation of the certificate before the commencement of the school as being a compliance with the statute; but it seems clear any such inference is removed by a further reading of the opinion, for it is also said by the court in the same opinion, "unless, therefore, when the alleged contract was made the teacher had such a certificate, one under which he could fully perform his contract, the contract would be a nullity." This we conceive to be the plain meaning of the words of the statute.

It is suggested by counsel for the appellant that the appellees are estopped from setting up a defense. We are referred to no authorities in support of the suggestions.

The action is against the directors officially, that is, against the district to recover damages for failure to comply with a contract which (if we are right in the views we have expressed) the directors had no power to make.

Directors can only exercise such powers as may be given by law, and such as result from fair implication from such pow-

ers, and if they exceed such powers and particularly if they, as in this case, do an act expressly prohibited by law, their action is void. It can not be made valid even by ratification, much less by estoppel. Wells v. People, 71 Ill. 532. "Such a contract is a nullity." Stevenson v. School Directors, 87 Ill. 255.

To say that the directors are estopped is to say that a public corporation created by law, having no power except what is given by law, may not only exceed the powers given, but may do acts expressly forbidden to be done, and yet the prohibited and illegal and void act may become binding and lawful by the operation of the principles of estoppel and thereby powers expressly denied may be lawfully exercised. Such is not the law.

The appellant must, to recover, affirmatively show that the contract was a legal one, and if it is not valid because prohibited by law, he can not succeed, nor can his cause be aided by any of the doctrines of estoppel. It is clear from the allegations of his declaration that the law prohibited the directors from contracting with him.

The demurrer to the declaration was properly sustained and the judgment of the County Court is affirmed.

*Judgment affirmed.*