# CASES

## THIRD DISTRICT

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1925.

---

### Julius H. Bohn et al., Appellants, v. Edward M. Stubblefield et al., Appellees.

### Gen. No. 7,822.

1. SCHOOLS AND EDUCATION—*construction of statutes giving powers to officers.* Statutes conferring powers on school officers, being purely statutory, must be strictly construed, and nothing will be intended to be within the power unless clearly within the terms of statutory authority conferred expressly or by necessary implication.

2. SCHOOLS AND EDUCATION—*statutes giving powers construed also as limitation.* All statutes granting and defining powers of school officers should be construed not only as a grant of power, but also as a limitation thereon.

3. SCHOOLS AND EDUCATION—*discretion of officers not interfered with by courts.* Exercise of power of determining necessity for and the kind of schoolhouse to be constructed by school officers, within their discretion and within the limits defined by statute, cannot be interfered with by the courts except where it has been manifestly abused.

4. SCHOOLS AND EDUCATION—*temporary buildings not constructed without vote.* Directors of community high school district cannot construct temporary school building without a vote of the people authorizing it, in view of Cahill's St. 1921, ch. 122, ¶¶ 99, 137.

5. SCHOOLS AND EDUCATION—*officers may lease school building without vote.* Directors of a community high school district have the power under Cahill's St. 1921, ch. 122, ¶¶ 99, 137, to lease a building for school purposes without a vote of the people.

(453)

Bohn v. Stubblefield, 238 Ill. App. 453.

Appeal by plaintiffs from the Circuit Court of Macoupin county; the Hon. FRANK W. BURTON, Judge, presiding. Heard in this court at the April term, 1925. Reversed. Opinion filed June 27, 1925.

RINAKER & RINAKER, for appellants.

JESSE PEEBLES, for appellees.

MR. JUSTICE CROW delivered the opinion of the court.

The only question presented by this appeal is whether defendants, appellees here, have legal authority to construct certain buildings for community high school purposes without a vote authorizing it. There is no controversy as to the integrant facts. Only a question of corporate power, as distinguished from policy or propriety, is to be determined. With the first we must deal. With the latter we are not concerned.

Appellants, as citizens and taxpayers, filed their bill to restrain the directors of Brighton Community High School District No. 192 from taking further steps toward the construction of any building for the use of the Community High School and for extending any tax for building purposes, and for general relief. An answer was filed and motion made to dissolve the temporary injunction which had been granted without notice and without bond. On hearing of the motion upon bill, answer and affidavits, the temporary injunction was dissolved. By agreement of parties the order dissolving the injunction was vacated and the cause submitted on the merits on the pleadings and affidavits, certain records, letters and communications to the board.

By the decree made by the chancellor upon the final hearing it is found that the proposed sectional portable building proposed to be erected by the board is not a school building within the meaning of the statute, but is a "temporary arrangement" within the power of the school directors of the district without a vote of the people. It was further found that the levy of a

tax of $2,500 for building purposes, not having been authorized by vote, is without authority of law. In consonance with those findings the chancellor decreed: (1) That the temporary injunction restraining the erection of the proposed sectional portable building for school purposes be dissolved; (2) that the temporary injunction enjoining the extension of the tax for building purposes be made perpetual.

Two assignments of error are made against the decree: (1) The court erred in finding the proposed building was not a school building within the meaning of the statute, but was within the power of the school directors of said district without a vote of the voters of the Community High School District. (2) The court erred in dissolving the injunction restraining the erection of the proposed temporary building for said district.

What is said above as to questions of propriety and policy of administration is in view of the averment in the bill that in April, 1924, a special election was held for the purpose of voting on four propositions: (1) To select a schoolhouse site for the high school district; (2) to purchase a school site in and for the district; (3) to build a schoolhouse in and for the district; (4) to issue bonds of said district in the amount of $52,000, and that none of said propositions received a majority of the votes cast at the election. It is further said that at a subsequent election held to vote on the question of the dissolution of the district, 480 votes were cast for and 330 against dissolution, and the requisite number (two-thirds) not favoring dissolution, it was not dissolved. It is apparent, therefore, that whatever may be the views of the inhabitants and taxpayers with regard to the policy of providing school facilities, the only question presented by this record is, can the school directors lawfully construct buildings for school purposes though denominated a "temporary building" without a vote of the people? The disposition of this part of the

decree will dispose of the other assignment as to the alleged erroneous finding of the chancellor of the fact that such building is not a school building within the power of the directors to construct without a vote of the people.

The elementary doctrine underlying the interpretation of statutes conferring powers on school officers is that, being purely statutory, they must be strictly construed. Nothing will be intended to be within the power unless clearly within the terms of statutory authority conferred, expressly or by necessary implication. Cooley, Const. Lim. (5th Ed.) 226; *Stevenson v. School Directors*, 87 Ill. 255; *School Directors v. Fogleman*, 76 Ill. 189; *Clark v. School Directors*, 78 Ill. 474; *Adams v. State*, 82 Ill. 132; *Peers v. Board of Education*, 72 Ill. 508 (510). All statutes granting and defining such powers should be construed not only as a grant of power to such boards or officers, but also as a limitation thereon. *Clark v. School Directors, supra.* The power of determining the necessity for and the kind of schoolhouse may under different systems be confided either to the school districts *or* to certain local boards as officers therein; and in such case the exercise of such power is within the discretion of the board or officers, within the limits defined by the statute, and cannot be interfered with by the courts except in cases where it has been manifestly abused. 35 Cyc. 925.

The statute in relation to the powers and duties of the boards of education of community high school districts is:

"For the purpose of building one or more high schools, conducting and supporting such schools and paying all necessary expenses, the territory for the benefit of which a high school is established under any of the provisions of this Act, and all high school districts organized under any statute in force at the time of their organization, and all high school districts legalized by statute shall be regarded as school

districts and the board of education of each of said high school districts shall in all respects have the powers and discharge the duties of boards of education elected under the general school law in common school districts having a population of one thousand or more and not exceeding one hundred thousand inhabitants. The board of education of any such high school district shall have the right to build or acquire and maintain one or more sites and erect thereon buildings when in their judgment such additional facilities are needed by the district, and the site or sites therefor have been lawfully selected.'' Cahill's St. 1921, ch. 122, ¶ 99.

The statute with regard to the powers of boards of education referred to provides:

''The board of education shall have all the powers of school directors, be subject to the same limitations, and in addition thereto they shall have the power, and it shall be their duty:  *  *  *  Fifth:  To buy or lease one or more sites for school houses with the necessary grounds; provided, however, that *it shall not be lawful* for such board of education to purchase, build or move a school house, unless authorized by a majority of all the votes cast at an election called for such purpose in pursuance of a petition signed by not fewer than five hundred legal voters of such district, or by one-fifth of all the legal voters of such district.'' Id. ¶ 137.

Considering those sections of the school law pertinent to the present inquiry, with other sections conferring power on school directors, it is manifest the legislature saw fit to intrust some powers to boards of directors or boards of education and other powers to the inhabitants of the school districts exclusively. The boards of education are intrusted with the power, under all the subdivisions of paragraph 137 of the Act, to perform many important functions. They have the power to establish free schools, repair and improve schoolhouses and furnish them, employ teachers and fix the amount of their salaries, levy taxes, dismiss and remove teachers. But in the important matter of

purchasing or locating a school site, or purchasing or building or moving a schoolhouse, questions of economic policy, it is declared unlawful for them to act unless authorized by a majority of all of the votes cast at an election called for the express purpose and then only in pursuance of a petition signed by one-fifth of all the legal voters of the district. Could language be more explicit and imperative in denial of the right of the board to act, and requiring action only by the legal voters of the district? Being so explicit it is not competent for the judiciary to whittle away the limitation on the power and authority fixed and extend limitations the legislature has seen fit to withhold, and by necessary implication has denied. There is no limitation against the discretion of the electorate to construct temporary buildings but the power has not been given to boards of education.

Where shall we stop in extension of limitations and by what standard shall we determine in advance of or after the fact, whether a building is "temporary"? If the condition is the result of *casus omissus,* the authorities are one way that we may not supply the defect by interpretation, for there is no common law governing or supplying the omission. Bouvier's Law Dict. (Rawley's 3rd Revision), *"Casus Omissus."* The authority of boards to build schoolhouses is limited to those cases only where an election called, as specifically provided, authorizes it. The specific popular authorization is indispensable. *School Directors v. Fogelman,* 76 Ill. 189. Any act prohibited by a valid statute is void. *DeKam v. City of Streator,* 316 Ill. 123.

But the school authorities are not without power to supply the need. Appellees contend that a real emergency exists and that it must be met, and therefore the temporary schoolhouse must be a valid expedient. A like situation to that presented here existed in the case of *Millard v. Board of Education,* 121 Ill. 297, cited by counsel for appellees. A proposition to

issue $30,000 of bonds to erect a school building in East St. Louis was defeated at an election held for that purpose. The board of education leased rooms for school purposes in the basement of a church. A school site had been selected by the voters, but the issue of bonds was voted down. Millard as a citizen and taxpayer filed a bill to enjoin the board from carrying out the lease contract for the basement for school purposes. The Supreme Court held that under the statute the board of education had the necessarily implied power to lease rooms for school purposes and that it was its duty to do so that the schools might be kept in operation. Appellees here are under the same obligation to maintain the school. They have the same power under the statute there declared to exist, without the sanction of an election.

Appellees say in their argument that if they are denied the right to erect the building now in controversy it will be impossible for them to carry on the school. But the argument must be met in the cold terms of the law, "it is written." The legislature, the only source of power and authority, has seen fit to intrust the policy of building schoolhouses of any sort only to the determination of the inhabitants and not to their agents, the school directors or boards of education. It has not seen fit to take it from the electorate or qualify it in any degree and we must apply the law as given.

But let it be assumed the school district has in the treasury unlimited funds, but not derived from taxes levied for building purposes pursuant to a vote authorizing the building of a schoolhouse. Those funds not being so derived, are subject to use for other school purposes. The legislative purpose in requiring a favorable vote before building schoolhouses is evaded if money in the treasury may be diverted by the directors or boards of education to building without the consent of the inhabitants expressed by the ballot. The funds belong to the inhabitants and voters of the

district. There is no provision in the statute that the board may build, except by vote authorizing it. All property being that of the district in its corporate capacity, the boards of education by whatever name, although collectively a body corporate, are only agents of the inhabitants. They may be unwilling, capriciously or not, to acquire tangible property in the form of school buildings. The legislative purpose clearly expressed is that in its corporate capacity the district may determine whether it shall or shall not have such property. It might be willing to have a substantial building at a greater cost than a mere temporary one at any cost. But no authority is granted to construct such a building, or any building, without a vote favoring it. This court so held in *Hysler v. Board of Education*, 201 Ill. App. 116. That case was affirmed in 272 Ill. 458, though the question now presented was not considered.

The decree of the circuit court dissolving the injunction restraining the board of education from building a temporary schoolhouse is reversed.

*Reversed.*