Casey *v.* Baldridge et al.

Mary A. Casey, Plaintiff in Error, *v.* John P. Baldridge et al., Defendants in Error.

ERROR TO JEFFERSON.

A teacher, under the school law of 1849, is not entitled to any portion of the school fund, unless he obtains the requisite certificate of qualification, and presents it to the school directors, before the commencement of the school.

This cause was heard before S. S. Marshall, Judge, at the May term of the Jefferson Circuit Court. The facts of the case are stated in the opinion of the court.

R. S. Nelson, for plaintiff in error.

R. F. Wingate, for defendants in error.

Treat, C. J. This was an action on the case, brought by Casey against the directors of a school district. The declaration alleged that the plaintiff entered into a written contract with the inhabitants of the district, to teach a common school for one quarter, and receive in payment the school funds belonging to the district; that " the plaintiff being then and there legally qualified to teach said school, and no objection being made thereto, in writing or otherwise, by the directors of said district, or by the subscribers to said contract as aforesaid, of which they, the said defendants, being then and there the school directors of said district, had notice;" that the plaintiff taught the school according to the terms of the contract, and the provisions of the statute in such case made and provided; that at the expiration of the quarter, she made out a schedule for the purpose of receiving the school funds belonging to the district, and presented the same to the defendants to be examined and certified by them; that there was then on hand a sum of money, belonging to the district, sufficient to discharge the amount due her for teaching the school; and that the defendants wholly refused to examine and certify the schedule. The court sustained a demurrer to the declaration.

The 13th and 46th sections of the " act to establish and maintain common schools," passed on the 12th of February, 1849, define the qualifications of teachers, and prescribe the manner in which those qualifications shall be ascertained; and the 76th section provides, that " no teacher shall be entitled to

any portion of the common school or township fund who shall not, before his employment, exhibit to the school directors of the district in which he proposes to teach a school, a certificate of qualification obtained under the provisions of section thirteen or section forty-six hereof." To entitle himself to any portion of the school funds, a teacher must obtain the requisite certificate of qualification. And the certificate must be presented to the school directors, before the commencement of the school. This is the express requirement of the statute. The directors are not bound to examine and certify the schedule of a teacher who fails to comply with this requisition. Such teacher must look exclusively to the subscribers for compensation. In this case, the declaration is clearly defective. It fails to show that the directors are guilty of any breach of duty. It contains no averment that the plaintiff procured a certificate of qualification and exhibited it to the directors prior to the commencement of the school. This requirement of the statute is a condition precedent, and its performance ought to be distinctly alleged in the declaration. The general allegation, that the plaintiff was legally qualified to teach the school, is not sufficient.

The judgment is affirmed.

*Judgment affirmed.*