MARTHA SMITH, Plaintiff in Error, *v*. WILLIAM CURRY *et al.*,
Defendants in Error.

### ERROR TO BROWN.

Under the school law of 1849, school directors are not bound to certify the sched-
ule of a teacher, who did not present them the proper certificate of qualification
before the commencement of the school.

In an action by a teacher against the school directors under this law, the declara-
tion must contain an averment, that such a certificate was presented prior to
the commencement of the school, or the action will fail.

The omission to make such an averment, will not be cured by the verdict

Where a declaration fails to show any cause of action whatever, the judgment,
if for plaintiff, may be arrested.

If judgment is arrested, it is erroneous to enter a judgment for costs.

THIS cause was heard before WALKER, Judge, at the October term, 1853, of the Brown Circuit Court.

J. S. BAILEY and J. GRIMSHAW, for Plaintiff in Error.

M. HAY, for Defendant in Error.

TREAT, C. J. This was an action on the case brought by Smith against Curry and Cox. The declaration alleged, in substance, that the plaintiff, on the 8th of September, 1852, was possessed of a certificate made by the school commissioner of Brown County, showing that she was duly qualified to teach a common school; that she taught a common school in the county from the 9th to the 27th of September, 1852, and kept a schedule of the scholars attending the school, and certified the same in due form of law; that she was thereby entitled to receive the sum of $5 as her distributive share of the school fund of the township; that, on the 28th of September, 1852, she presented the schedule to the defendants, then being directors of the school district, and requested them to examine the same and make the requisite certificate to the treasurer of the township; but the defendants refused to examine the schedule and make the certificate. The cause was tried by a jury, who returned a verdict for the plaintiff. The court sustained a motion in arrest of judgment, and rendered a judgment in favor of the defendants for costs.

First. Section 76 of the " act to establish and maintain common schools," passed on the 12th of February, 1849, provides that "no teacher shall be entitled to any portion of the common school or township fund, who shall not, before his employment, exhibit to the school directors of the district in which he proposes to teach a school, a certificate of qualification obtained under the provisions of section thirteen or section forty-six hereof." In the case of *Casey* v. *Baldrige*, 15 Ill. 65, which arose under that act, this court decided that school directors were not bound to examine and certify the schedule of a teacher, who did not obtain the requisite certificate of qualification and present the same to the directors before the commencement of the school. That was an action brought by a teacher against the school directors; and the declaration was held to be fatally defective, because it contained no averment that the certificate was exhibited to the directors prior to the commencement of the school. It was said: " This requirement of the statute is a condition precedent, and its performance ought to be distinctly alleged in the declaration." The declaration in this case is equally obnoxious to the same objection. It is not averred

therein, nor is it necessarily or fairly inferable from any of its allegations, that the certificate of qualification was presented to the defendants before the school commenced. If it was not so presented, the plaintiff is expressly prohibited from receiving any portion of the school fund of the township, and the defendants were not guilty of any breach of duty in refusing to examine and certify her schedule. Nor was this defect in the declaration cured by the verdict. After verdict, it may be intended that every essential fact alleged in the declaration, or fairly to be implied from what is alleged, was established on the trial; but where the declaration fails to show that the plaintiff has a cause of action, there is no room for intendment or presumption. 2 Tidd's Prac. 919 ; 1 Chitty's Plead. 713 ; *Bartlett* v. *Crozier*, 17 Johnson, 439 ; *Carlisle* v. *Weston*, 1 Metcalf, 26. This is not a case in which a cause of action is defectively or inaccurately stated ; but it is one where the declaration fails to show that the plaintiff has any cause of action whatever. The judgment was properly arrested.

Second. The judgment for costs was erroneous. Our statute concerning costs, does not embrace the case of an arrest of judgment. In such case, by the rules of the common law, costs are not recoverable by either party, but each must pay his own costs. Costs are not allowed to the plaintiff, because he has no cause of action, and is not entitled to any judgment ; and they are not allowed to the defendant, because he should have availed himself of the defect in the declaration by demurrer, and thus have prevented the delay and expense of a trial. Gould's Plead. Chap. X, Sec. 48 ; *Cameron* v. *Reynolds*, Cowper, 403 ; *Paughburn* v. *Ramsay*, 11 Johnson, 141.

The judgment sustaining the motion in arrest, must be affirmed, and the judgment for costs must be reversed.

*Judgment reversed.*