JOSEPH B. THOMAS, Appellant, *v.* THE TRUSTEES OF SCHOOLS, in TOWNSHIP THIRTEEN NORTH, RANGE EIGHT WEST, Appellees.

### APPEAL FROM MORGAN.

The forty-first section of the School Law of 1849 is mandatory, and designed to compel the distribution of the school fund among teachers on the first Saturday in the months of April and October.

THE record shows that there are seven school districts in said township thirteen; that Thomas was duly employed as a teacher,

from January 9th to March 7th, 1854, in school district No. 1; that before Saturday, the first day of April, 1854, his schedule as such teacher was returned and filed, and certified to by teacher and directors of the district, to the treasurer of the township. The directors certified there was due to the teacher, (the plaintiff,) $60. Two of the trustees order the money to be paid, only one other schedule being returned and filed. Subsequently, other schedules came in, and the trustees rescinded the order before made, and issued a second order, reducing the allowance to Thomas from $60 to $5.35. Thomas then gave notice to the trustees, the treasurer having refused to pay the sixty dollars, that he should hold them responsible for that sum. He brought suit against the trustees before a justice, and recovered a judgment against them for 'that sum and costs. In the Morgan Circuit Court, at October term, 1854, WOODSON, Judge, presiding, the trustees having appealed to that court, the judgment of the justice of the peace was reversed, and judgment rendered for Thomas, for the sum of $5,35. Thomas now brings the case to this court.

BROWN and McCLURE, for Appellant.

D. A. SMITH, for Appellees.

SCATES, J. The only question presented in this case is, whether the forty-first section of the common school law of 1849, is mandatory or directory, in relation to the distribution of the school fund among the teachers on the first Saturday in April and October. See Acts of 1849, p. 162, Sec. 41.

The court is of opinion that the directions of that section are mandatory. We arrive at this conclusion from the consideration of the whole act; taking into view its other sections in relation to this subject.

By the thirtieth section the trustees are incorporated. As a corporation they are required by the fortieth section to meet half yearly, on the first Saturday in April and October, and oftener if necessary.

The forty-first section provides that at the half yearly meetings on the first Saturday in April and October, they "shall proceed to ascertain the amount of State, county and township funds liable to distribution," and "shall immediately thereupon, proceed to distribute the aggregate amount of State, county and township funds thus ascertained to be liable to distribution," as and to the objects therein directed, among others, to the teachers whose schedules are on file with the treasurer.

Now that this peremptory phraseology is to be understood in

that sense, is further clearly manifest from other sections. By the seventy-seventh section, the teacher is required to deliver his schedule to a director of his school district, on or before the Saturday preceding the meeting of the trustees, and the director shall, " at least two days before the first Saturday in April and October," present it to the township treasurer; and by section sixty-five, directors shall certify no schedule which reaches back beyond the last half yearly day of distribution. By sections fifty-five, sixty-six, seventy-four and seventy-seven, provisions are made for collecting and laying before the trustees, by those days for the semi-annual meetings, all the information necessary to enable them to ascertain the amount of funds liable to distribution, and the persons entitled to receive it.

All these provisions seem clearly to contemplate a final action of the trustees on the day of these semi-annual meetings, in disposing of the six months' accumulation of funds to the accruing indebtedness for the same time, according to the evidences then before them. The trustees have no discretion left to receive schedules or evidences of indebtedness after that day, for the act has disposed of any surplus left on the first Saturday of April, through the agency of the treasurer, and they have no control over it for distribution at any time thereafter. Section fifty-four directs the treasurer to keep the township fund loaned at interest, and then declares, " if on the first Saturday of April, there shall be any interest or other funds on hand, which shall not be required for distribution, as required in section forty-one hereof, such amount, not required as aforesaid, shall forever after be considered as principal in the funds to which it belongs, and loaned as such."

This direction is too plain to need construction. Annually, at least, the surplus left on the first Saturday in April, is converted into principal and withdrawn from the distribution fund and the control of the trustees for that purpose. This view of the act in a mandatory sense is in conformity with the decision in *Casey* v. *Baldridge et al.*, 15 Ill. 65, upon the seventy-sixth section, which requires a teacher to present a certificate of qualification to the directors before his employment.

So, in like manner, in *The People* v. *The Auditor*, 12 Ill. 307, the fifteenth article of the constitution is held mandatory in the distribution of the two mill tax. *Seagraves* v. *The City of Alton*, 13 Ill. 366, is upon an analagous construction of the city charter.

Many directions in statutes do not require such a construction in accomplishing the objects contemplated by them. Pertinent examples may be found in the case referred to by defendants' counsel, of *The People* v. *Cook*, 14 Barb. S. C. 290-1. In

cases of judges of election, in cases of assessors, in cases of militia officers, and such like, where there is no negative or repugnant provisions inconsistent with the doing the act in another way or at another time, and where no public inconvenience or private damage arises from the neglect to observe the strict letter of the act. Further examples may be found in our own statutes, Rev. Stat. 1845, p. 302, Sec. 11 ; p. 559, Sec. 106, in relation to the sale of lands by sheriffs and administrators.

Judgment reversed and cause remanded.

*Judgment reversed.*