# THE PRESIDENT AND TRUSTEES OF THE TOWN OF MECHANICSBURG

*v.*

## RICE R. MEREDITH.

1. PLEADING—*of the declaration in an action against a municipal corporation, for injury from defective highways.* In an action against an incorporated town, to recover damages for injuries received by the plaintiff, by reason of a defective bridge within the corporate limits of the town, it was alleged in the declaration that the town had power to levy and collect a tax, and to require labor to keep its streets, alleys and roads in repair, and that it was the duty of the town to exercise such power during the year 1868, and to keep its highways in repair, and also to keep said bridge in repair, alleging the injury was received on a particular day in that year : *Held,* on motion in arrest of judgment, the averment as to the time when the duty of keeping the bridge in repair rested upon the town, was sufficient. The averment that the duty existed during the year, embraced the day the accident occurred.

2. And the power to keep the bridge in repair would be inferred, especially after verdict, under the averment that it was the duty of the town so to do. After verdict, it will be intended that every essential fact alleged in the declaration, or fairly to be implied from what is alleged, was established on the trial. So the averment of the existence of the duty will be aided after verdict, by the inference that the duty would not have been imposed unless the power was conferred.

3. HIGHWAYS—BRIDGES—*duty and liability of municipal corporations.* All towns, whether incorporated by special charter or under the general law, have the power, and it is their duty, to keep in repair the bridges within their corporate limits, and if injury result to an individual by reason of a neglect of such duty, the town must respond in damages.

4. SAME—*effect of the duty being assumed by others.* In an action against an incorporated town to recover for injuries received on account of a neglect of duty on the part of the defendant to keep a bridge in repair, it is not competent for the town to prove that prior to the accident the commissioners of highways of the township had assumed to perform the duty of keeping the bridge in repair. The usurpation of the powers and assuming the duties of the incorporated town by the township authorities, though acquiesced in by the former, would not work a dissolution of the corporation, or relieve it from its responsibility for neglect of duty.

Writ of Error to the Circuit Court of Sangamon county; the Hon. Benjamin S. Edwards, Judge, presiding.

The opinion states the case.

Messrs. Herndon & Orendorff, for the plaintiffs in error.

Mr. J. C. Conkling and Messrs. Hay & Greene, for the defendant in error.

Mr. Justice Walker delivered the opinion of the Court:

This was an action on the case, brought by defendant in error, to recover damages sustained by reason of a defective bridge within the corporate limits of the town. The declaration, although very inartificially drawn, does aver that plaintiffs in error, as a corporation, had certain powers, among which was the power to levy and collect a tax on all real estate in the corporate limits, and to appropriate the same to keep the streets, alleys and roads therein in good repair, and had power to require every male inhabitant of the town, over the age of twenty-one years, to labor on the streets, alleys and roads, and that defendants had possessed the power for a number of years previously, and it was their duty to cause the streets, alleys and roads therein to be kept in good repair, and to keep a certain bridge on one of the streets in repair. But they had failed and neglected to keep the bridge in repair, whereby defendant in error received injury while passing over the bridge.

It is urged that the declaration fails to aver that it was the duty of plaintiffs in error, or that they, at the time of the accident, had power, to make the necessary repairs of the bridge. The declaration, after enumerating the powers of the corporation, avers, " that it was their duty, as such body corporate, to exercise said powers during the year 1868, and especially. to cause all the streets and alleys of said town, and all public roads passing from and through said town, for one mile from

the center thereof, to be kept in good repair, and it was also their duty to keep the bridge, hereinafter mentioned, in good repair."

Advantage of the insufficiency of the declaration is sought to be taken under the motion in arrest of judgment, and we think, under that motion, however it might have been on demurrer, it is sufficient. It avers that it was the duty of plaintiffs in error to make the repairs during the year, and that embraced the day the accident was averred to have occurred, and the duty to repair could not have existed upon a municipal corporation without the power. Had their charter simply imposed the duty, with power to levy taxes for corporate purposes, the law would have implied an obligation for its performance ; and, after verdict, it will be held that this averment is aided, especially where the duty and power are fixed by law. In the case of *Smith* v. *Curry*, 16 Ill. 147, this court say : " After verdict, it may be intended that every essential fact alleged in the declaration, or fairly to be implied from what is alleged, was established on the trial, but where the declaration fails to show that the plaintiff has a cause of action, there is no room for intendment or presumption." In this case, a duty is averred, its neglect is stated, and an injury resulting from that neglect of duty is shown. This, in substance, makes out a case, and the power to repair may be reasonably inferred from the imposition of the duty.

In the case of *Browning* v. *The City of Springfield*, 17 Ill. 143, it was held that a city, or incorporated town, or village, is liable for damages sustained by reason of defective streets, alleys, roads and bridges within its limits, when the duty has been imposed, and the power conferred to employ the necessary means, to keep them in repair. In this case the duty and power to repair the streets, alleys, roads and bridges, are averred, by levying taxes and the employment of labor of the male inhabitants of the village. That case announces the rule that such bodies owing such duties and entrusted with the necessary power, will be held liable for a neglect to perform the duty

from which injury results to an individual, and it must be held to govern the law of this case. The statute has imposed the duty on the president and trustees of towns to work the roads one mile from the center of the town. Again, the sixth section of the act of 1849, (Gross' Comp. sec. 26, Corporations,) declares that all incorporated towns and cities, whether under the general law or special charters, shall have and exercise all the powers conferred on the cities of Springfield and Quincy by their charters adopted at the special session of 1840. These charters are public acts, and they confer ample power to make such repairs, and hence the same power devolved upon plaintiffs in error in the case at bar. Being public laws, the courts will take judicial notice of their provisions, but if defendants had been exempted from the duty, or the power had been withdrawn, they should have shown the law exonerating them from the performance of the duty.

It is also objected, that the court below erred in rejecting evidence offered by plaintiffs in error. They offered to prove that the highway commissioners of the township had, for two years prior to the date of the accident, caused the road upon which the bridge was located, to be worked by labor of the township, and a township tax had been levied for that purpose. The object of this evidence was to show that plaintiffs in error had abandoned their organization, and the corporation had ceased to exist. We do not perceive that the evidence offered, in the slightest degree tended to prove that fact. If it would have proved any thing, it would have been that the road commissioners had gone outside of their duty, and had usurped jurisdiction over roads over which they had no control. The wrongful acts of one set of officers within the limits of a municipal corporation, by usurping their franchises and assuming the performance of the duties imposed upon the officers of such corporation, can not be held to work its dissolution, although acquiesced in for two years. If there was a dissolution of the corporation, the fact was susceptible of proof, and the proof should have been made. It can not be inferred from the fact

that unauthorized persons repaired the roads in the corporate limits any more than if repairs had been made by private individuals without authority, although acquiesced in by plaintiffs in error.

It is also urged, that the evidence fails to show that defendant in error observed due caution in riding over the bridge. The question of negligence was for the determination of the jury, and they have found, from the evidence, that he was not in fault, and the evidence sustains their finding. It is only when the verdict is manifestly against the evidence that it will be disturbed. The judgment of the court below is affirmed.

*Judgment affirmed.*