87   255
24a  193
87   255
142  533
87   255
42a  576
42a  592

Nathaniel A. Stevenson

*v.*

School Directors of District No. 1, T. 28 N., R. 14 W.

1. School teacher—*must prove his right to teach.* To entitle a school teacher to recover, under a contract to teach, in a case where the directors refuse to allow him to teach, he must prove or offer to prove the possession of a certificate authorizing him to teach at the time of his employment.

2. School law — *directors can not employ teacher to commence after current year.* School directors have no power to make contracts for the employment of teachers for terms to commence beyond the expiration of the current school year, but they may make a contract for teaching a term extending a reasonable time beyond the current school year, when made in good faith and not for the purpose of forcing on the district an unsatisfactory teacher.

3. Same—*powers of directors.* The powers of school directors are limited to those expressly granted, or such as result by necessary implication from those granted.

Writ of Error to the Circuit Court of Iroquois county; the Hon. N. J. Pillsbury, Judge, presiding.

Messrs. Blades, Kay & Evans, for the plaintiff in error

Mr. M. B. Wright, and Mr. Robert Doyle, for the defendants in error.

Mr. Chief Justice Scholfield delivered the opinion of the Court:

Plaintiff in error claims to have been employed by two school directors, on the 10th day of December, 1875, to teach a district school for the term of nine months, commencing on the third day of April, 1876; that he was ready, and offered to teach the school, but was prevented from so doing by the school directors. On the trial, he offered in evidence an instrument in writing tending to prove the making of a contract, as claimed by him, but this, on objection by counsel of defendants in error, was excluded by the court. He also, in the same connection, offered to prove that, on the third day of

April, 1876, when he was on the way to the school house, he was met by two of the directors and requested to delay commencing the school for one week, on account of bad roads, which he agreed to, and that, before that time arrived, he was notified by the directors that his services were not needed, and that they had employed another teacher; and also, that after the agreement to postpone commencement of the school, the directors requested him to take less than the contract price to teach the school, which he declined to do; but this evidence was also excluded by the court.

Judgment was rendered for the defendants in error, and the only question before us, therefore, is, did the court err in excluding this evidence?

It does not appear from the abstract that plaintiff in error proved, or offered to prove, that, when the contract was made, or when the school was to have been commenced, he had a certificate of qualifications as a teacher, obtained under the provisions of the statute. It is provided by sec. 52, of the School law, (Rev.Stat. 1874, p. 964,) that "No teacher shall be entitled to any portion of the common school or township fund, or other public fund, or be employed to teach any school under the control of any board of directors of any school district in this State, who shall not, at the time of his employment, have a certificate of qualification obtained under the provisions of this act." * * * Unless, therefore, at the time the alleged contract was made, he had such a certificate—one under which he could fully perform his part of the contract—that is, one entitling him to teach during the entire term, the contract would be a nullity; and, by analogy to previous decisions, it would seem clear that, to entitle him to recover, he should have proved, or have offered to prove, the possession of such certificate. *Casey* v. *Baldridge et al.* 15 Ill. 65; *Smith* v. *Curry et al.* 16 id. 147; *Botkin et al.* v. *Osborne*, 39 id. 101; *Wells* v. *The People ex rel.* 71 id. 532.

Waiving this objection, however, we are of opinion the court properly excluded the evidence offered of the written

contract, because school directors have no power to make contracts for the employment of teachers for terms to commence beyond the expiration of the current school year.

The law provides that the annual election of school directors shall be on the first Saturday of April, when one director shall be elected in each district. (Rev. Stat. 1874, p. 959, § 42.) After the election, the board is to be organized by the selection of a president and clerk from their number. Id. And it is the duty of this board to " *establish and keep in operation,* for at least five months in each year, and longer, if practicable, a sufficient number of free schools for the proper accommodation of all children in the district over the age of six and under twenty-one years. * * * Ibid. § 48.

" They shall appoint all teachers, fix the amount of their salaries, etc. * * * Ibid.

" They shall have power to assign pupils to the several schools. Ibid.

"For the purpose of establishing and supporting free schools, for not less than five nor more than nine months in each year, and defraying all the expenses of the same of every description, * * * the directors of each district shall be authorized to levy a tax annually upon all the taxable property of the district—not to exceed two per cent for educational, and three per cent for building purposes, to be ascertained by the last assessment for State and county taxes. * * *" Ibid. § 43.

It is here seen, power is given alone with reference to the current year. The schools to be provided, the teachers employed, the taxes levied, etc., are, as clearly as language can express the idea, for the current year. No other power, contemplating the making of contracts for the employment of teachers for future years, can be found—and the rule is familiar, that the powers of school directors are limited to those expressly granted, or such as result by necessary implication from those granted.

If the contract here sought to be enforced were to be held

17—87 ILL.

valid, it would necessarily be because the board of directors are unlimited in respect of contracting for future services of teachers  If they may contract for services to be commenced four months in advance, and after the board as organized shall cease to exist, why may they not do so indefinitely?   If they are not, in this respect, limited by the current school year, where is the limit?

We apprehend the chief purpose in having annual elections of school directors is to enable the people, through this mode, to exercise a direct influence in the selection of teachers and the control and management of schools, annually.   To this end, it is provided, in one of the subdivisions of sec. 42, *supra,* "At the annual election of directors, the directors shall make a detailed report of their receipts and expenditures to the voters there present."   And again, in one of the sub-divisions of sec. 50, it is provided, "Every school established under the provisions of this act, shall be for the instruction in the branches of education prescribed in the qualifications for teachers, and in such other branches, including vocal music and drawing, as the directors *or the voters of the district, at the annual election of directors, may prescribe.*"

Under this provision it could not be known, until after the annual election of directors, but that the voters of the district would prescribe, that certain branches should be taught beyond those ordinarily taught in district schools—and there can, obviously, be no intelligent employment of a teacher until it shall be known what is required to be taught.

There is, doubtless, no objection to contracts for the teaching of terms extending for a reasonable time beyond the current school year, when such contracts are entered into in good faith, and not for the purpose, merely, of forcing upon the district an unsatisfactory teacher or defeating the will of the voters at the annual election.   But we think the spirit and intent of the law are clearly repugnant to the idea that one board of directors may, by contracts wholly to be carried out in the future, divest future boards of directors of the power to

select the teachers they shall desire, for the terms to be commenced after their organization.

The judgment is affirmed.

*Judgment affirmed.*