## PUTNAM *v.* THE SCHOOL TOWN OF IRVINGTON.

SCHOOL LAW.—*Section* 28.—*Cities and Towns.*—All of section 28 of the school law of this State, 1 R. S. 1876, p 788, except the latter part

thereof relating to the power of the majority of the voters of a school district over the employment and dismissal of teachers, applies to the school trustees of cities and incorporated towns, as well as to the trustees of school townships.

SAME.—*Contract with Unlicensed Teacher Void.—Ratification.—Statute Construed.*—Under said section 28, a contract for the employment of an unlicensed teacher in a common school is void by reason of the statutory inhibition against it, and is not ratified by the subsequent issuance of a license to the teacher.

From the Marion Superior Court.

*J. W. Gordon, R. N. Lamb, S. M. Shepard, A. C. Ayres* and *E. A. Brown,* for appellant.

*D. V. Burns* and *C. S. Denny,* for appellee.

NIBLACK, J.—Lydia R. Putnam brought this action in the court below, against the School Town of Irvington, for money alleged to be due her upon a contract to teach a public school.

The complaint averred that the defendant, early in June, 1877, through its proper trustees, entered into a verbal contract to employ her to teach the public school of said town for the period of nine months, at the rate of sixty dollars per month, commencing on the 3d day of September, 1877; that afterward, on the 26th day of June, 1877, said verbal contract was reduced to writing, and signed by George W. Julian and John O. Hopkins on the part of the defendant, the said Julian and Hopkins being school trustees of said School Town of Irvington, and by the plaintiff on her own behalf, a copy of which written agreement was set out in the complaint; that afterward, on the 25th day of August, 1877, she, the plaintiff, was duly licensed to teach in the public schools of Marion county for the period of eighteen months by the superintendent of public schools of said county; that, on the 3d day of September, 1877, she entered upon the discharge of her duties as teacher under her contract, but was forci-

bly ejected from the school-house in which she was so em-
ployed to teach by Sylvester Johnson and William H. H.
Shank, who were then acting and duly qualified school
trustees of the defendant, and had become such school
trustees since the execution of the contract for her em--
ployment, with full notice of such contract and of the fact
that she had been duly licensed as a teacher as above
stated; that she held herself in readiness at all times dur-
ing the period of time for which she had so obligated her-
self to teach, to perform her duties as teacher under .her
said contract, of all which the defendant had notice, but
that the defendant, acting through its said last named
school trustees, had persistently refused to permit her to
act as such teacher. Wherefore she demanded judgment
for six hundred dollars.

The defendant demurred to the complaint, and the court
below at special term sustained the demurrer. The plain-
tiff failing to plead further, judgment was rendered against
her on demurrer.

The plaintiff appealed to the general term, where the
judgment at special term was affirmed. This appeal,
therefore, presents only the question of the sufficiency of
the complaint.

It is contended that the complaint was fatally defective,
because it showed upon its face that the plaintiff was not
licensed as a teacher at the time the contract sued on was
entered into.

Section 28 of the school law enacts that "Trustees shall
employ no persons to teach in any of the common schools
of the. State, unless such person shall have a license to
teach, issued from the proper State or county authority,
and in full force at the date of the employment; and any
teacher who shall commence teaching any such school
without a license shall forfeit all claim to compensation
out of the school revenue for tuition, for the time he or she
teaches without such license," etc. 1 R. S. 1876, p. 788.

It was held by this court in the case of *The City of Craw-fordsville* v. *Hays*, 42 Ind. 200, that the latter portion of this section, relating to the power of the majority of the voters of a school district over the employment and dismissal of teachers, does not apply to cities and incorporated towns, and we still adhere to what was decided in that case, but we think that so much of the section as is quoted above, and that which immediately follows concerning teachers' licenses, apply to the school trustees of cities and incorporated towns, as well as to the trustees of school townships.

To sustain the sufficiency of the complaint, it is contended that the employment referred to in section 28, *supra*, has relation to the time when the school begins, and not to the date of the contract of employment, and that, hence, if the teacher has a license to teach at the time the school is to be begin, that is sufficient, notwithstanding the contract of employment may have been entered into previous to the issuing of the license. In our opinion this latter construction can not be maintained. The employment thus referred to evidently means a commission or authorization to teach, and has reference to the contract which confers upon the teacher such a commission or authorization, and not to the future services to be performed under the contract. As we construe this section 28, a contract for the employment of an unlicensed teacher in a common school is void by reason of the statutory inhibition against it, and is not ratified by the subsequent issuance of a license to the teacher. In this construction we are sustained by the Supreme Court of Illinois in an analogous case, and by what we regard as a sound public policy governing the employment of teachers. *Stevenson* v. *School Directors, etc.*, 87 Ill. 255.

Any other construction would give great uncertainty to the employment of teachers, as persons contracting in ad-

vance to teach might never be able to obtain a license authorizing them to take charge of a school. *Harrison Township* v. *Conrad,* 26 Ind. 337; *Wells* v. *The People,* 71 Ill. 532; *Casey* v. *Baldridge,* 15 Ill. 65; *Smith* v. *Curry,* 16 Ill. 147.

After a very careful consideration of this case, we are brought to the conclusion that the court below at general term did not err in affirming the judgment at special term.

The judgment is affirmed, with costs.