## Barbara Frank et al.
### v.
## Peter J. Bruck.

4    627
e215s¹115

1. Decree by consent—Cannot be appealed from.—Parties not laboring under any disability, can by their express consent authorize the rendition of a decree barring themselves of any rights which may be the subject of litigation, and such a decree cannot be appealed from, nor can error be properly assigned thereon.

2. Infant defendant.—By the will of her husband the entire estate in the property in question was devised to appellant, and at the time of entering the decree in this case, no interest therein had passed by descent to her infant son. He was a mere stranger to the mortgaged premises, and cannot complain of the provisions of the decree in relation thereto.

Error to the Superior Court of Cook county; the Hon. S. M. Moore, Judge, presiding. Opinion filed December 8, 1879.

This was a bill in chancery, brought by Peter J. Bruck to foreclose a deed of trust, executed by John Frank, and Barbara Frank, his wife, to one Eben F. Runyan, as trustee, to secure the payment to said Bruck of the sum of $400 and interest. It appears that after the execution of the deed of trust, and before the filing of the bill, John Frank died, leaving Barbara Frank, his widow, and Henry Frank, an infant, his

only child, and also leaving a last will and testament, whereby the premises conveyed by the deed of trust were devised to said Barbara Frank in fee. Said widow and infant child, and also Runyan, the trustee in the deed of trust, Paul Huiter, the executor of the will, and C. K. Ross, A. H. Shott, and James Ross, Jr., judgment creditors, were made parties defendant to the bill.

The homestead right in said premises was duly released by the grantors in the deed of trust, and upon the hearing it appeared that the estate devised to said Barbara Frank, was subject not only to the lien of said deed of trust, but also to the lien of a judgment in favor of said judgment creditors on which said premises had been sold, and that the equity of redemption from said sale had expired. The decree, after reciting that " it appearing to the court that it is for the interest of all parties in interest, to-wit: the said Peter J. Bruck, Barbara Frank, C. K. Ross, A. H. Shott and James Ross, Jr., that the said premises be sold absolutely, and the said last named parties consenting thereto," it was ordered and decreed that said premises should be sold absolutely, without redemption, and that the master, on making sale, should execute to the purchaser a deed therefor. The assignments of error call in question those provision of the decree which direct a sale of the mortgaged premises without redemption.

Mr. T. B. WAKEMAN, for plaintiff in error; that the record does not show consent, and one of the defendants being a minor, could not consent to the decree, cited Waugh v. Robbins, 33 Ill. 181; Rhoads v. Rhoads, 43 Ill. 239; Quigley v. Roberts, 44 Ill. 503; Barnes v. Hazleton, 50 Ill. 429.

Messrs. AVERY & COMSTOCK, for defendant in error; that the solicitor of plaintiff in error had power to consent to the decree, cited Haas v. Chicago Bldg. Soc. 80 Ill. 248; Wilson v. Spring, 64 Ill. 14.

BAILEY, P. J. The decree in this case is manifestly a departure from the provisions of the statute giving a period of

redemption in all cases of sales under a decree of foreclosure of a mortgage, and can only be supported by the *consent* of the parties now seeking to call it in question.   There can be no doubt that parties laboring under no disability can, by their express consent, authorize the rendition of a decree barring themselves of any rights which may be the subject of litigation.   It is an elementary principle that a decree by consent cannot be appealed from, nor can error be properly assigned upon it.   1 Barb. Chan. Prac. 373; Armstrong et al. v. Cooper, 11 Ill. 540.   Upon the same principle, any particular provision or portion of a decree, entered by the consent or agreement of a party, cannot be by such party assigned for error.   Here it appears upon the face of the decree that Barbara Frank consented to an absolute sale of the mortgaged premises.   This recital of the decree is conclusive, and establishes beyond controversy the fact that such consent was given.   She cannot now be permitted to withdraw or question such consent, or complain of the provisions of the decree entered in pursuance thereof.

It is insisted, however, that Henry Frank, the infant defendant, being by reason of his disability incapable of waiving his legal rights, the decree as to him must be held to be erroneous. This would undoubtedly be true if said infant was possessed of any interest in the premises affected by the decree; but the entire estate having passed by devise to Barbara Frank, no interest therein passed by descent to the infant.   He is a mere stranger to the mortgaged premises, and cannot complain of any of the provisions of the decree in relation thereto.   Perceiving no error in the decree, it must affirmed.

Decree affirmed.