## ADAM MINCK
### v.
### THE PEOPLE EX REL.

QUO WARRANTO—CERTAINTY IN INFORMATION.—The same certainty and technical precision is necessary in an information as in an indictment. So, where an information charged the defendant with " usurping, etc., the office of school trustee of the inhabitants of the village of Cahokia," and there is no such office known to the public law of the State, but exists, if at all, by virtue of a private law, it is defective in not showing by proper averments, the existence of such law creating the office.

APPEAL from the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed April 2, 1880.

Mr. R. A. HOLBERT and Mr. M. MILLARD, for appellant, cited Lavalle v. The People, 68 Ill. 252; The People v. Ridgely, 21 Ill. 68; Donnelly v. The People, 11 Ill. 552.

Messrs. G. & G. A. KOERNER, for appellees; that the court takes judicial notice of all civil officers within its jurisdiction, cited Irving v. Brownell, 11 Ill. 403; Chambers v. The People, 4 Scam. 352; Shattuck v. The People, 4 Scam. 478; Thielman v. Burg, 73 Ill. 293: Dyer v. Flint, 21 Ill. 80; Thompson v. Haskell, 21 Ill. 215; Stout v. Slattery, 12 Ill. 162.

CASEY, J. The proceeding in this case is in the nature of a *quo warranto*. In the information it is charged that the appellant, on the fifth day of March, A. D. 1879, did unlawfully usurp, and from thence hitherto has continued to usurp unlawfully the office of school trustee of the inhabitants of the village of Cahokia, in said county and state," etc. A plea was filed by the defendant, upon which issue was joined. The cause was submitted to a jury, and verdict of guilty returned against the defendant.

A motion in arrest of judgment was entered because the information and the record in said cause are not sufficient to

warrant a judgment thereon. The motion was refused by the court, and judgment of ouster against appellant. Appellant excepted to the ruling of the court, and the case is brought here by appeal.

The only question for consideration is as to the sufficiency of the information. The same certainty and technical precision is necessary and required in an information as in an indictment. Blackstone says: " This is properly a criminal method of prosecution, as well to punish the usurper by a fine for the usurpation of the franchise as to oust him and seize it for the crown, but hath long been applied to the mere purpose of trying the civil right, seizing the franchise or ousting the wrongful possessor, the fine being nominal only." Our statute treats it as a crime, and provides for a judgment of ouster, and also for a fine. Underwood's Statute, Ch. 112, § 7.

The information is carried on in the name of the People, and concludes " against the peace and dignity of the same." "An information differs from an indictment in little more than this: that the one is found by the grand jury, and the other is the allegation of the officer who exhibits it." Donnelly v. The People etc. 11 Ill. 552; Wright v. The People, etc., 15 Ill. 65. It is a criminal proceeding, and can only be resorted to in a case in which the public, in theory at least, have some interest. 3 Black. Com., 263; People v. Ridgely, 21 Ill. 68.

The information was fatally defective in this, appellant is charged with usurping " the office of school trustee of the inhabitants of the village of Cahokia." There is no such office known to any general or public law of this State, that we have been able to find. The office (if one at all) is peculiar to the village of Cahokia, created by a private law, and the courts cannot take judicial notice of the existence of an office created by a private law.

The information then is defective, because it does not by proper averments show the existence of such a law, creating the office charged to be usurped. The case of Lavalle v. The People ex. rel. 68 Ill. 253 is precisely in point.

The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.