SIMEON CURTIS. *vs.* THE MUTUAL BENEFIT LIFE COMPANY.

A certificate of membership in a mutual life insurance company provided that, on the death of the wife of the plaintiff, an assessment should be made upon the policy-holders in the company for as many dollars as there were policy-holders, and that the sum collected, not exceeding one thousand dollars, should be paid to him within ninety days from the filing of the proof of death. Held that a declaration containing no allegation of a neglect to make the assessment provided for, and assigning no breach except of a promise to pay one thousand dollars, was fatally defective, and that the defect was not cured by the verdict.

ASSUMPSIT upon a certificate of membership in a mutual life insurance company; brought to the Superior Court in Hart-

ford County, and tried to the jury before *Beardsley, J.* The jury having returned a verdict for the plaintiff the defendants filed a motion in arrest of judgment for the insufficiency of the declaration, which being overruled they brought the record before this court by a motion in error. The case is sufficiently stated in the opinion.

*G. G. Sill,* for the plaintiffs in error.

*C. E. Perkins* and *S. P. Newell,* for the defendant in error.

LOOMIS, J. The declaration in this case consists of a single count, upon a certificate of membership commonly called a policy of insurance, issued by the defendants, in which the latter agreed that "upon the death of Esther M. Curtis," (the wife of the plaintiff), "she having conformed to all the conditions thereof, and on satisfactory proof of her death being filed with the secretary of the said company, an assessment for as many dollars as there are policy-holders in this company who have become such under this plan, shall be made upon all such policy-holders, according to the rate and proportion of assessment specified in the respective policies held by each, and the sum collected on such assessment (less the added cost for collection) shall be paid to Simeon Curtis (the plaintiff,) within ninety days from the time of filing the proofs of death;" with the further provision that in no case should the payment upon the policy exceed one thousand dollars.

The declaration, after setting out the policy in full, alleges the death of Esther M. Curtis and the filing of proofs of the fact as required, and then concludes as follows: "That he" (the plaintiff) "has complied with and performed all the other conditions of said policy on his part to be done and performed, whereby the defendants became liable to pay, and in consideration thereof assumed and promised the plaintiff to pay to him said sum of one thousand dollars according to the terms of said policy or certificate of membership; yet the plaintiff says that the defendants, their said promise not regarding, have never performed the same."

The only breach assigned is of a promise to pay one thousand dollars. This might avail to save the judgment if any facts were alleged to raise the promise. But the agreement upon which the plaintiff must recover, if at all, was merely to lay an assessment on the policy-holders of the class to which the plaintiff belonged for as many dollars as there were members, and pay the amount to the plaintiff, less the cost of collection. There is no allegation of any neglect to lay such assessment, or, having laid one, to pay over the amount. And not only is there an omission to state any facts to show ground for the defendants' liability, but nothing to show the amount, and no data are given from which it may be computed. The thousand dollars is not promised to be paid by the terms of the contract, but is mentioned merely as the limit of liability.

As the declaration assigns no breach within either the words or the import and effect of the contract, it is fatally defective; and as the defect consists of a total omission to allege matter essential to the plaintiff's title or ground of action, and is not a mere defective statement of such matter, it was not cured by the verdict. 1 Saunders Pl. & Ev., 135, and cases there cited; *Williams* v. *Hingham Turnpike,* 4 Pick., 341; *Smith* v. *Curry,* 16 Ill., 147; *Farwell* v. *Smith,* 16 N. Jersey Law R., 133; *Needham* v. *McAuley,* 13 Verm., 68; *Griffin* v. *Pratt,* 3 Conn., 513; *Smith* v. *Bank of New England,* 45 Conn., 416.; Gould's Pleading, ch. 10, sect. 22.

For these reasons we think the motion in arrest ought to have prevailed.

There was error in the judgment complained of, and it is reversed and the case is remanded.

In this opinion the other judges concurred.