No. 8527.

## BUTLER *v.* HAINES.

SCHOOL LAW.—*Contract.*— *Unlicensed Teacher.*—*Township Trustee.*—A valid contract for the teaching of a public school can not be made by a township trustee with one who at the time has no license to teach, and the subsequent procurement of a license does not validate the contract.

SAME.—*Liability of Township Trustee.*—If a township trustee, contrary to contract, removes a teacher from the charge of a public school, he is not personally liable to the teacher for breach of the contract.

From the Grant Circuit Court.

*G. W. Harvey,* for appellant.

*A. Steele* and *R. T. St. John,* for appellee.

WOODS, J.—The appellee sued the appellant, charging, in substance, that, being the trustee of Van Buren township, in Grant county, the appellant made a verbal contract with the appellee to teach for six months from September 29th, 1879, in one of the schools of the township; that it was understood that the contract should be reduced to writing in the near future; that in pursuance of the contract the defendant gave· notice that the school would commence on September 29th, 1879, and on that day put the plaintiff in possession of the school house, and the plaintiff began and continued to teach for two weeks, when the defendant ousted the plaintiff from the house and refused to permit him longer to teach the school, though the plaintiff has been and continued ready to perform the contract on his part; that the plaintiff was duly licensed to teach a six months school by the superintendent of said county.

The complaint was not demurred to, but, after the overruling of his motion for a new trial, the appellant moved in arrest of the judgment, which motion the court overruled.

The evidence is in the record, and shows clearly that the plaintiff had no cause of action, either against the appellant individually or against the school township. The law forbids the making of a contract with any one to teach, who is not at

the time licensed to teach. The appellant had no license when the contract was made, if one was made, and the fact that the defendant put him in possession of the school house, and permitted him to teach under the void contract, gave it no validity or additional force, and it is not pretended that, after the appellee obtained a license, any new contract was made, either expressly or by implication.

It is claimed that the appellee had a license which was stolen from him at Muncie. But there is no evidence that he had any license at all, and certainly none that he had a license to teach in Grant county. There is evidence that he told the appellant that he had a license, which was stolen from him at Muncie, but that he in fact had a license, or what for, or by what officer issued, and whether yet in force, there is no evidence. That the teacher must have a license when the contract is made, see *Putnam* v. *School Town of Irvington,* 69 Ind. 80.

Something has been said upon the proposition that a teacher's contract must be in writing, but we leave that question unconsidered.

If there had been a valid contract, it was not with the trustee personally, and he is not liable personally for a failure to perform it. *Morrison* v. *McFarland,* 51 Ind. 206. If, therefore, the complaint shows any cause of action against him, it is not on account of his failure to perform the contract, but it must be on the ground that he tortiously and forcibly interfered with the plaintiff in performing his contract with the school township.

The evidence shows no such interference. The appellant demanded the keys of the school house of the appellee, and under protest the appellee gave them up. If this furnishes a cause of action, it is for a breach of the contract, and lies against the township, not against the trustee in his individual capacity.

Judgment reversed, with costs.