Zander v. Metz, 162 Ill. App. 620.

Henry Zander, Plaintiff in Error, v. Oscar Metz, Defendant in Error.

Gen. No. 15,776.

1. APPEALS AND ERRORS—*what order not final.* An order arresting a judgment is not final and appealable.

2. COSTS—*when imposition erroneous.* It is error to impose costs upon the plaintiff upon entering an order arresting a judgment. In such a case each party bears his own costs.

Action in case for personal injuries. Error to the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909, Dismissed. Opinion filed October 3, 1911.

CHARLES M. FOELL and EARL J. WALKER, for plaintiff in error.

WILLIAM SLACK, for defendant in error.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

Plaintiff in error brought an action in the Superior Court of Cook county to recover damages for personal injuries sustained by him while in the employ of the defendant in the city of Chicago. Upon a trial, the jury returned a verdict in his favor for $1500, whereupon defendant in error entered his motion for a new trial, which was subsequently overruled by the court. At the term of court succeeding that at which the verdict was rendered, but before any judgment was entered upon the verdict, the defendant in error made a motion in arrest of judgment, which, upon hearing, the court sustained. The final order, entered in the case, was entered *nunc pro tunc* as of April 3, 1909, and recited that the cause had come on to be heard upon the defendant's motion in arrest of judgment, and that, after argument of counsel and due deliberation by the court, "said motion is sustained and said judgment arrested," to which order the plaintiff excepted. The order further contained a judgment for costs against plaintiff and for execution, to which plaintiff excepted.

From the order it further appeared that the plaintiff prayed an appeal to the Appellate Court, which was allowed, and he was given time in which to file his bill of exceptions.

This order of April 3rd appears to have been entered "on the agreement of the parties to the suit." Subsequently, plaintiff sued out a writ of error, upon which this hearing is now had.

The first question to be determined is whether the order of the court below arresting judgment is properly reviewable here. The proper procedure, when a court of record enters an order arresting judgment, is said to be:

"In the Superior Courts, when a judgment is arrested, there being no entry of judgment, *ideo consideratum est,* etc. Consequently no writ of error lies; but if the decision be incorrect, the plaintiff can only proceed *de novo.*" 2 Chitty Pro., p. 593.

Or: "If a verdict pass for the plaintiff, and upon matter alleged in arrest of judgment, the judgment be given against the plaintiff, and that he take nothing by his plaint, writ or bill, plaintiff may commence a new action within one year." 1 Tidd's Pr., p. 15.

Indeed, the statutes of Illinois prescribe the procedure to be followed whenever a court of record arrests a judgment, for reasons such as are assigned in the motion which the court below sustained in this case. See Hurd's Statutes, 1908, chapter 110, section 80.

Our statutes provide for assigning error on decisions which *overrule* motions in arrest,—motions for new trials, motions to amend, etc., but not on orders *allowing* such motions, such orders not being final. Hurd's Statutes, 1908, chapter 110, sections 83–84. See also Puterbaugh, Common Law P., 7th edition, 738.

It appears that in two or three cases, the Supreme Court of Illinois has considered for review the action of the court below in arresting judgment, but in two of these cases, the court below went beyond merely arresting judgment, and entered a judgment to some extent involving the merits of the case, and in the third case it does not appear that the question, as to the finality of the order arresting judgment, was raised. Smith v. Curry, 16 Ill. 147; Fountainhead Drainage District v. Wright, 228 Ill. 208; Bragg v. City of Chicago, 73 Ill. 152.

We think the order appealed from was erroneous in so far as it contained a judgment for costs against plaintiff, and awarded execution therefor. "Our statute concerning costs, does not embrace the case of an arrest of judgment. In such case, by the rules of the common law, costs are not recoverable by either party, but each must pay his own costs. Costs are not allowed to the plaintiff, because he has

no cause of action, and is not entitled to any judgment; and they are not allowed to the defendant, because he should have availed himself of the defect in the declaration by demurrer, and thus have prevented the delay and expense of a trial. Smith v. Curry et al., 16 Ill. 147; Gould's Plead. Chap. X, Sec. 48; Cameron v. Reynolds, Cowper, 403; Pangburn v. Ramsay, 11 Johnson, 141." However from the recitals contained in the order it appears to have been entered upon the agreement of the parties to the suit, and that being so, it clearly is not reviewable. Frank v. Bruck, 4 Ill. App. 627.

The conclusions we have reached make it unnecessary for us to consider the arguments of counsel upon other branches of the case. For the reasons stated, the writ of error will be dismissed.

*Writ of error dismissed.*