(No. 25539.—▮▮▮▮▮▮▮▮▮▮)

GEORGIA SLOAN, Appellant, *vs.* THE SCHOOL DIRECTORS OF DISTRICT No. 22, Appellees.

*Opinion filed April 17, 1940.*

W. W. DAILY, (JOHN D. DAILY, of counsel,) for appellant.

R. E. SMITH, for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

Appellant, Georgia Sloan, brought suit in the circuit court of Hamilton county to recover on a contract with appellees, school directors, whereby she agreed to teach school for three years at a salary specified in the contract. Appellees filed a motion to dismiss the complaint and this motion was sustained. Appellant elected to stand by her complaint and judgment was entered for appellees. The appeal has been brought directly to this court on the ground the constitutionality of section 127a of an act to establish and maintain a system of free schools (Ill. Rev. Stat. 1939, chap. 122, par. 136b) is involved.

The substance of the complaint is that appellant held a certificate of qualification to teach school in school district No. 22 in Hamilton county and that August 31, 1936, this certificate was renewed by the county superintendent of

schools of Hamilton county for a period of four years, and that this certificate was duly registered with the county superintendent; that prior to September 9, 1937, she had taught school in school district No. 22 for a probationary period of four consecutive years; that September 16, 1937, by a written contract duly entered into, appellees employed appellant to teach school in said school district No. 22 for a term of three years from that date; that appellant did teach until August 24, 1938, when appellees, without cause, discharged appellant and refused to permit her to continue to teach in said district; that ever since that time she always has been ready and willing to teach in said school and has always offered and tendered her services as such teacher. The complaint alleges there was, at the time the suit was filed, $880 due her under the contract, and prayed for judgment in that amount with interest.

The grounds of the motion to dismiss are: (1) The complaint shows that appellant did not at the time of making the alleged contract hold a valid certificate covering the three-year term of employment; (2) the complaint fails to show the contract was made at a regular or special meeting of the school directors as provided by law; (3) the school directors had no authority to employ appellant for a term of more than one year, and (4) section 127a of chapter 122, *supra,* purporting to empower a board of school directors to employ a teacher for a space of more than one year is unconstitutional and void. These grounds will be considered in that order.

One of the statutory requirements that must be met to entitle a person to teach in the common schools is the holding of a certificate of qualification "covering the period of his employment." (Ill. Rev. Stat. 1939, chap. 122, par. 481.) This certificate must be registered each year with the county superintendent in whose county the holder is to teach. (Ill. Rev. Stat. 1939, chap. 122, par. 489.) It will be observed that the statute requires the certificate

must cover the period of employment, which the complaint alleges is true here, but does not require that it be registered for the period of employment at the time the contract is entered into. The complaint alleges her certificate has been registered each year, and that is all the statute requires. This ground affords no reason for striking the complaint.

The statute provides that "no official business shall be transacted by the directors except at a regular or a special meeting." (Ill. Rev. Stat. 1939, chap. 122, par. 119.) Appellees contend it was necessary to allege the contract was made at a regular or special meeting. The complaint alleges the contract was duly entered into between appellant and appellees. We think that allegation is sufficient and that whether it was made at either a regular or special meeting is a matter of proof.

In support of their contention that a board of school directors cannot employ a teacher for a term of more than one year, appellees cite *Stevenson* v. *School Directors,* 87 Ill. 255, and *Davis* v. *School Directors,* 92 id. 293. Those cases do so hold, but they have no application here, for they were decided before the enactment of section 127a, *supra.* Laws of 1927, p. 823.

The principal question presented in this appeal is whether section 127a, *supra,* is constitutional. It reads, in part: "The service of all teachers, principals and superintendents in the public schools in any district of this State, having a board of school directors, board of education or board of school inspectors, shall be for not more than three-year periods, after the expiration of a probationary period of two consecutive years in that district," etc. It is obvious that if the service may be for a three-year period the school directors have authority to contract with the teacher for a three-year period. The complaint alleges appellant has complied with the requirement of a probationary period of two consecutive years in that district. Much of appellees' argument against the constitutionality of the section is directed

against the wisdom of permitting the members of a board of school directors to enter into contracts which will tie the hands of future members of the board. It is so fundamental as to require no citation of authority that the wisdom of legislation is a question for the General Assembly, and not for this court. Our province is only to ascertain whether the legislation is forbidden by the constitution. Section 1 of article 8 of the constitution of Illinois, 1870, states that the General Assembly shall provide a thorough and efficient system of free schools, whereby all children of this State may receive a good common school education. This section is not a grant, but a limitation on the power of the General Assembly. (*Fiedler* v. *Eckfeldt,* 335 Ill. 11; *Keime* v. *Community High School District,* 348 id. 228.) It allows the General Assembly a broad discretion as to the manner in which it will carry out the duty thus enjoined. (*People* v. *Graham,* 301 Ill. 446; *People* v. *Young,* 309 id. 27; *People* v. *Chicago and Northwestern Railway Co.* 286 id. 384; *Plummer* v. *Yost,* 144 id. 68.) We have held the length of term and the mode of appointment of school teachers are under the control of the General Assembly. (*Groves* v. *Board of Education of Chicago,* 367 Ill. 91; *Dodge* v. *Board of Education,* 364 id. 547; *Malloy* v. *City of Chicago,* 369 id. 97.) We find no limitation in section 1 of article 8 prohibiting the General Assembly from permitting the employment of school teachers for a term of three years.

Appellees further assert this section of the statute is unconstitutional as class legislation, in that it discriminates between those who have previously taught at least two years and those who have not. It is reasonable and not arbitrary to distinguish between those who have proved themselves capable and satisfactory and those who have not been tested.

Appellees also contend this section violates section 12 of article 9 of the constitution. The point intended to be made is that it violates the constitutional provision that

"any * * * school district * * * incurring any indebtedness as aforesaid, shall before, or at the time of doing so, provide for the collection of a direct annual tax sufficient to pay the interest on such debt as it falls due, and also to pay and discharge the principal thereof within twenty years from the time of contracting the same." In our opinion this constitutional provision is not involved here. There is nothing either in the complaint or motion to dismiss to show that the requirements there contained have been violated. The other contentions of appellees are without merit and need not be discussed.

For the reasons above stated the court below erred in sustaining the motion to dismiss the complaint and in entering judgment for appellees.

The judgment is reversed and the cause remanded, with directions to overrule appellees' motion to dismiss.

*Reversed and remanded, with directions.*